IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Arthur Hill, )
)
        Plaintiff *pro se*, )
)
v. ) Civil Action No.1:21-CV-00714
)
Carvana, LLC )
)
        Defendant. )

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Plaintiff Arthur Hill ("Plaintiff"), in accordance with LR 7.2 and L4 7.3, submits this Brief in Support of his Motion to Remand and states the following:

### 1. NATURE OF MATTER BEFORE THE COURT

This matter comes before the Court due to Defendant Carvana, LLC's ("Carvana") removal of this case from state Court beyond the mandatory 30-day limitation and the subsequent request by the Plaintiff to have this case remanded back to state court from where it was removed. Although this case was clearly removable based on federal question jurisdiction, the Defendant failed to remove the case within 30 days after service.

### 2. STATEMENT OF FACTS

Plaintiff filed suit against Carvana on August 12, 2021 and summons was issued on this same date. As authorized under Rule 4(j)(6) of the North Carolina Rules of Civil Procedure, a copy of the Complaint and Summons were sent certified mail, return receipt requested to the registered agent of Carvana, LLC in Raleigh, NC on August 12, 2021. **(Doc 1, Exhibit 1)**

The complaint and summons were delivered to Carvana's registered agent on August 14, 2021 as evidenced by return receipt. (*see* attached "Affidavit of Service of Process By Registered or Certified Mail" affixed as **Attachment 1**). A return receipt for tracking number

1

42027608951480657001122433427 was requested using the USPS Tracking system online and a copy was delivered to the Plaintiff via email as seen below in **Figure 1**:[1]

**Figure 1**



The return receipt attached to the foregoing email was filed with the state court as part of **Attachment 1** included with the instant motion.

Carvana removed this case to the Middle District of North Carolina on September 14, 2021 based on federal question jurisdiction. **(Doc 1)**. In support of the removal notice, Counsel for Carvana signed the notice pursuant to F.R. Civ. P. 11. The notice stated that Carvana was served

---

[1] https://tools.usps.com/go/TrackConfirmAction.action?tRef=fullpage&tLc=1&tLabels=42027608951480657001122433427

on or around August 16, 2021 when return receipt shows they were served via their registered agent on August 14, 2021. (**Attachment 1**). Defendant also states that **Exhibit 1** included with **Doc 1** includes "the complete file from the state court" but they specifically excluded the document from the state file attached to this motion, showing the actual date of receipt by Carvana's registered agent. (**Attachment 1**)

Through Counsel, Carvana claims that their agent provided the complaint and summons to them on or around August 16th. The tracking of the complaint and summons along with return receipt was readily available via USPS tracking online to show Carvana's registered agent received the documents on August 14th.

### 3. QUESTIONS PRESENTED

a. **Was Service Complete Upon Receipt By Carvana's Registered Agent on August 14, 2021?**

b. **Was the last day for removal September 13, 2021?**

c. **Is Plaintiff's Motion to Remand Timely?**

d. **Was the notice of removal signed in violation of F.R. Civ. P. 11?**

### 4. ARGUMENT

**I. On August 14, 2021, service of process was properly obtained upon Carvana by serving its registered agent by certified mail, return receipt requested, in accordance with N.C.R. Civ. P. 4(j)(6)c.**

To obtain personal jurisdiction over a defendant, the issuance of the summons and service of process must comply with a statutorily specified method. *Bentley v. Watauga Bldg. Supply Inc.*, 145 N.C.App. 460, 461, 549 S.E.2d 924, 925 (2001). "In any action commenced in a court of this State [,]" N.C.R. Civ. P. 4(j) provides that "the manner of service of process within or without the State shall be as follows[.]" N.C.R. Civ. P. 4(j) (2011) (emphasis added). N.C.R. Civ. P. 4(j)(6)c authorizes service upon a corporation by "mailing a copy of the summons and of the complaint,

3

registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served[.]" N.C.R. Civ. P. 4(j)(6)c. (quoting *Tradewinds Airlines, Inc. v. C–S Aviation Servs.*, 733 S.E.2d 162, 222 N.C. App. 834 (N.C. Ct. App. 2012)) [2]

In *Tradewinds*, the Court, in upholding a default judgement against CSA and finding that service of process upon CSA was proper, stated: "The trial court found that TradeWinds Group sent copies of the third-party summons and complaint to CSA's registered agent by certified mail, return receipt requested. Corporation Trust Company received these documents on 22 March 2004. These findings are supported by competent evidence in the record: the affidavit of service, the third-party summons addressed to CSA showing Corporation Trust Company as its registered agent, and the executed return receipt. . . . Under North Carolina law, service can be effected through a registered agent by means of certified mail, return receipt requested, addressed to the agent to be served. N.C.R. Civ. P. 4(j)(6)c." Id.

Like in *TradeWinds*, the Plaintiff sent the summons and complaint to Carvana's registered agent by certified mail return receipt requested. Corporation Service Company, Carvana's registered agent, received those documents on August 14, 2021. These findings are supported by competent evidence: the affidavit of service (**Attachment 1**), the summons addressed to Carvana c/o it's registered agent at its Raleigh address (**Doc 1, Exhibit 1**) and executed return receipt (**Attachment 1**) which was filed in state court but excluded from filings by Defendant when they removed this case.

Carvana can't genuinely dispute that Corporation Service Company is not their registered agent. They also can't genuinely dispute that their registered agent did not receive the summons and complaint on August 14, 2021. They have three attorneys appearing on their behalf and each

---

[2] .N.C.R. Civ. P. 4 was amended in 2005, 2008, and 2011. 2005 N.C. Sess. Laws ch. 221, §§ 1, 2; 2008 N.C. Sess. Laws, ch. 36, §§ 1–3; 2011 N.C. Sess. Laws, ch. 332, § 3.1. Subsection 4(j)(6)c was not modified.

4

of them could have determined the exact date of service and calculated the last day allowed for removal. The service date is available using USPS Tracking based on the tracking number from a copy of the actual envelop they included in Exhibit 1 of Doc 1. There simply is no excuse for the late removal.

Carvana seems to believe that service was not complete until their registered agent delivered the complaint and summons to them personally which was supposedly on August 16, 2021. If that result were true and considered by the Court as competent evidence triggering the time for removal, proof of service by competent evidence of any Plaintiff is worthless as any defendant could extend the time for removal by simply claiming their registered agent, whom they authorized to receive service of process on their behalf, provided them a copy on some future date. This position has no basis in law.

For the forgoing reasons and since the Plaintiff complied with a statutorily specified method, N.C.R. Civ. P. 4(j)(6)c, service of process was complete upon receipt by Carvana's registered agent on August 14, 2021, triggering the time for removal.

## II. The last day for removal of this case was September 13, 2021 per F.R. Civ. P. 6

As mentioned in Section I above, service of process was effective on August 14, 2021 triggering the time for removal in accordance with computing time based on F.R. Civ. P. 6. Rule 6(a)(1) states:

> (a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> > (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
> >
> > > (A) exclude the day of the event that triggers the period;

5

> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Since the date of service, August 14, 2021, is excluded by the rule, the period starts on August 15, 2021 as day 1. August 15th through August 31st is 17 days leaving an additional 13 days in September for removal unless the last day falls on a weekend or legal holiday. In this case, the 30th day, September 13, 2021, fell on a Monday and that was neither a weekend or holiday. As such, removal was required by September 13, 2021.

For the forgoing reasons, the period for removal was triggered on August 14th and ended on September 13th. As such, Defendant did not remove this case within the mandatory 30-day period. As the Plaintiff has moved to remand the case within the mandatory 30-day period after removal in accordance with 28 U.S. Code § 1447(c), the case should be remanded.

## III. Plaintiff's motion to remand is timely

28 U.S. Code § 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within *30 days* after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

The record shows that the Defendant removed this case on September 14, 2021 and Plaintiff initially filed a motion to remand by mail without a brief on that same date. This amended motion with brief is also filed within 30 days of removal and is thus timely. As such, the Defendant cannot argue that Plaintiff's motion to remand is untimely. Furthermore, Plaintiff has not engaged

6

in any actions that would otherwise warrant a finding of waiver. Plaintiff has clearly shown that remand is appropriate due to Defendant's failure to remove within the time allowed and the Court should strictly construe the requirements of 28 U.S. Code § 1446(b)(1) and remand this case back to state court.

## IV. The notice of removal was signed in violation of F.R. Civ. P. 11(b)(3) and should be corrected

28 U.S. Code § 1446(a) states:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to *Rule 11 of the Federal Rules of Civil Procedure* and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Plaintiff is not filing a motion for sanctions under Rule 11 but notes that the notice of removal was signed in violation of F.R. Civ. P. 11(b)(3) because the date of service "on or around August 16" and the contention regarding the entire state court file were patently false as shown by competent evidence.

Even if the facts surrounding the actual date of service were not reasonably available prior to removal, they are now. If the notice of removal is not corrected within 21 days of filing, the Court, on its own initiative, may order an attorney, law firm, or party to show cause why certain factual contentions in the notice of removal did not violate Rule 11(b)(3). As such, the Court should order the Defendant to amend or correct its notice of removal within 21 days of its filing.

## CONCLUSION

In conclusion and for the reasons stated above, the Court should find that service of process was properly obtained upon Carvana on August 14, 2021 and that the last day for removal, starting on August 15, 2021, was September 13, 2021.

7

As a result, the Defendant failed to remove this case from state court within the mandatory 30-days and this case should be remanded to state court from which it was removed because Plaintiff moved to remand within 30 days of removal and has not acted in any way to constitute waiver.

Respectfully submitted this the 15 day of September, 2021

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
980.521.1819
artbhill@hotmail.com
Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on September, 15, 2021, I served the foregoing

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** with attachments upon

the parties Counsel by emails listed below.

Paul T. Collins
Nelson Mullins Riley & Scarborough LLP
1320 Main Street
Meridian 17th Floor
Columbia, SC 29201
Phone: 803.255.9747
E-mail: paul.collins@nelsonmullins.com

Cassie A. Holt
Nelson Mullins Riley & Scarborough LLP
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Phone: 919.329.3886
E-mail: cassie.holt@nelsonmullins.com

Kadeisha West
Nelson Mullins Riley & Scarborough LLP
201 17th Street, 17th Floor
Atlanta, Georgia 30363
Phone: 404.322.6000
E-mail: kadeisha.west@nelsonmullins.com
***Attorneys for Carvana, LLC***

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: 980.521.1819
E-mail: artbhill@hotmail.com
***Pro Se Plaintiff***

9