Arthur Hill,

                 Plaintiff,

v.

Carvana, LLC,

                 Defendant.

## DEFENDANT CARVANA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Carvana, LLC ("Carvana"), by and through counsel, hereby responds to Plaintiff Arthur Hill's Complaint (the "Complaint"). Carvana respectfully and alleges and states the following:

## FIRST DEFENSE AND ANSWER
(General and Specific Denials)

Carvana hereby responds to the individual allegations of Plaintiff's Complaint generally by denying each and every allegation contained therein except as expressly admitted below, and specifically as follows:

## PARTIES

1. Carvana is without information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 1 of the Complaint and, therefore, denies same. The second sentence states a legal conclusion for which no response is required. To the extent a response is required, Carvana denies the second sentence of Paragraph 1.

2. Carvana admits that it sells used cars via the internet and that its principal place of business is located at 1930 W. Rio Salado Parkway Tempe, Arizona, 85281. The remaining allegations in Paragraph 2 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Carvana denies the remaining allegations in Paragraph 2 of the Complaint.

3. Carvana admits that Defendant Carvana can be served through its registered agent for service of process in North Carolina, Corporation Service Company. All other allegations of Paragraph 3 of the Complaint are denied.

## JURISDICTION AND VENUE

4. Carvana admits that venue is proper in this Court. Further responding to Paragraph 4 of the Complaint, Defendant Carvana affirmatively states that it is investigating whether a valid and enforceable arbitration agreement covers the allegations of the Complaint which may impact the Court's subject matter jurisdiction, but Carvana admits that based upon current information and belief, the Court currently has subject matter jurisdiction over Plaintiff's claims.

5. Carvana admits that this Court has supplemental jurisdiction to hear the currently plead state law claims, if subject matter jurisdiction is proper.

6. Carvana admits that venue is proper in this Court.

## FCRA STATUTORY BACKGROUND

7. Carvana admits the allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Carvana denies the

allegations in Paragraph 8 of the Complaint. Carvana refers the Court to the Fair Credit Reporting Act for its exact terms, condition, and remedies.

9. The allegations in Paragraph 9 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Carvana denies the allegations in Paragraph 9 of the Complaint. Carvana refers the Court to the Fair Credit Reporting Act for its exact terms, conditions, and remedies.

10. The allegations in Paragraph 10 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Carvana denies the allegations in Paragraph 10 of the Complaint. Carvana refers the Court to the Fair Credit Reporting Act for its exact terms, conditions, and remedies.

11. Carvana admits the allegations in Paragraph 11 of the Complaint.

12. Carvana admits the allegations in Paragraph 12 of the Complaint to the extent they allege Plaintiff created an account with Carvana, chose the "Finance with Carvana" and "Get My Financing Terms" options, which led to Carvana doing a soft inquiry of Plaintiff's credit report on August 15, 2019, and a hard pull was done on the same day after Plaintiff signed all documents to finalize the transaction. Carvana lacks sufficient information to admit or deny the remaining allegations of Paragraph 12 of the Complaint, so denies same. Carvana affirmatively alleges that Plaintiff chose the "Get My Financing Terms" optioon April 7, 2020 and August 17, 2020, which led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff.

13. Carvana admits the allegations of Paragraph 13 of the Complaint. Carvana affirmatively alleges that the Plaintiff was indebted to Carvana on April 7, 2020 and August

17, 2020 related to his purchase of a 2016 BMW from Carvana on August 15, 2019, and that changes the Plaintiff made to his account with Carvana related to his income, address and zip code on April 7, 2020 and August 17, 2020 triggered the soft inquires of Plaintiff's credit report on the same dates for account review. Carvana further affirmatively alleges that Plaintiff chose the "Get My Financing Terms" option on April 7, 2020 and August 17, 2020, which also led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff.

14.     Carvana admits the allegations of Paragraph 14 of the Complaint. Carvana affirmatively alleges that the Plaintiff was indebted to Carvana on April 7, 2020 and August 17, 2020 related to his purchase of a 2016 BMW from Carvana on August 15, 2019, and that changes the Plaintiff made to his account related to his income, address and zip code on April 7, 2020 and August 17, 2020 triggered the soft inquires of Plaintiff's credit report on the same dates for account review.   Carvana further affirmatively alleges that Plaintiff chose the "Get My Financing Terms" option on April 7, 2020 and August 17, 2020, which also led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff.

15.     Carvana admits the allegations of Paragraph 15 of the Complaint to the extent they allege Carvana did a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020 for an account review and by consent of the Plaintiff. Carvana affirmatively alleges that the soft credit inquires on April 7, 2020 and August 17, 2020 were triggered by multiple changes Plaintiff made to his Carvana account on both April 7, 2020 (changed yearly income, zip code, and address) and August 17, 2020 (changed yearly income and address).

Carvana further affirmatively alleges that Plaintiff chose the "Get My Financing Terms" option on April 7, 2020 and August 17, 2020, which also led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff. Caravan is without information sufficient to admit or deny the remaining allegations of Paragraph 15 of the Complaint and, therefore, denies same.

16. Carvana is without information sufficient to admit or deny the allegations contained in Paragraph 16 of the Complaint and, therefore, denies same. Carvana affirmatively alleges that the soft inquires of Plaintiff's credit on April 7, 2020 and August 17, 2020 were triggered by multiple changes Plaintiff made to his Carvana account on both April 7, 2020 (changed yearly income, zip code, and address) and August 17, 2020 (changed yearly income and address) for account review and because Plaintiff also consented to the soft inquires by choosing the "Get My Financing Terms" option on April 7, 2020 and August 17, 2020,

17. In response to the allegations of Paragraph 17 of the Complaint, Carvana admits that Plaintiff called and spoke to a Carvana employee on July 28, 2020 about the soft inquires of his credit report on April 7, 2020 and August 17, 2020, and that the employee did not know at that time the reasons for the soft inquiries on April 7, 2020 and August 17, 2020. Carvana denies the remaining allegations of Paragraph 17 of the Complaint. Carvana affirmatively alleges that the Plaintiff visited the Carvana website on April 7, 2020 and made changes to his account with Carvana, including changes to his yearly income, address, and zip code, which triggered a soft inquiry. Carvana further affirmatively alleges that Plaintiff visited Carvana's website on August 17, 2020 and made changes to his account

with Carvana, including changes to his yearly income and address, which triggered a soft inquiry. Finally, Carvana further affirmatively alleges that Plaintiff chose the "Get My Financing Terms" option on April 7, 2020 and August 17, 2020, which also led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff.

18. Carvana is without information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, denies same.

19. Carvana denies the allegations in Paragraph 19 of the Complaint. Carvana affirmatively alleges that Plaintiff chose the "Get My Financing Terms" option on April 7, 2020 and August 17, 2020, which led to Carvana doing a soft inquiry of Plaintiff's credit report on April 7, 2020 and August 17, 2020, by consent of the Plaintiff.

20. Carvana denies the allegations in Paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, Carvana admits that Carvana gets consent to pull credit, now and periodically, when customers seek financing through Carvana. Carvana denies the remaining allegations in Paragraph 21 of the Complaint. Carvana further affirmatively alleges that Plaintiff chose the "Get My Financing Terms" option on April 7, 2020 and August 17, 2020, which led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff.

22. Carvana denies the allegations in Paragraph 22 of the Complaint.

23. Carvana denies the allegations in Paragraph 23 of the Complaint.

24. Carvana denies the allegations in Paragraph 24 of the Complaint.

25. Carvana admits the allegations contained in Paragraph 25 of the Complaint, upon information and belief.

26. Carvana admits the first sentence of Paragraph 26 of the Complaint. Carvana admits the second sentence of Paragraph 26 of the Complaint, but adds that a consumer would need to provide full name, address, date of birth, employment status and annual income to initiate the finance with Carvana request. Carvana lacks sufficient information to admit or deny the third sentence of Paragraph 26 of the Complaint, so denies same.

27. Carvana denies the allegations in Paragraph 27 of the Complaint.

28. Carvana denies the allegations in Paragraph 28 of the Complaint. Carvana affirmatively alleges that the Plaintiff visited the Carvana website on April 7, 2020 and made changes to his account with Carvana, including changes to his yearly income, address, and zip code, which triggered a soft inquiry for account review. Carvana further affirmatively alleges that Plaintiff visited Carvana's website on August 17, 2020 and made changes to his account with Carvana, including changes to his yearly income and address, which triggered a soft inquiry for account review. Carvana further affirmatively alleges that Plaintiff chose the "Get My Financing Terms" option on April 7, 2020 and August 17, 2020, which also led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff.

29. Carvana denies the allegations in Paragraph 29 of the Complaint.

30. Carvana lacks sufficient information at this time to admit or deny the allegations in Paragraph 30 of the Complaint, so denies same.

31. Carvana denies the allegations in Paragraph 31 of the Complaint. Carvana affirmatively alleges that the Plaintiff was indebted to Carvana on April 7, 2020 and August 17, 2020 related to his purchase of a 2016 BMW from Carvana on August 15, 2019, and that changes the Plaintiff to his account related to his income, address and zip code on April 7, 2020 and August 17, 2020 triggered the soft inquires for account review. Carvana further affirmatively alleges that Plaintiff chose the "Get My Financing Terms" option on April 7, 2020 and August 17, 2020, which also led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff.

32. Carvana denies the allegations in Paragraph 32 of the Complaint. Carvana affirmatively alleges that the Plaintiff was indebted to Carvana on April 7, 2020 and August 17, 2020 related to his purchase of a 2016 BMW from Carvana on August 15, 2019, and that changes the Plaintiff to his account related to his income, address and zip code on April 7, 2020 and August 17, 2020 triggered the soft inquires on the same dates for account review. Carvana further affirmatively alleges that Plaintiff chose the "Get My Financing Terms" option on April 7, 2020 and August 17, 2020, which also led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff.

33. Carvana denies the allegations in Paragraph 33 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT 1
### WILLFUL VIOLATION OF 15 U.S.C. § 1681(b)

34. Carvana reiterates and incorporates by reference each of the preceding paragraphs of this Answer.

35. Carvana denies the allegations in Paragraph 35 of the Complaint.

36. Carvana denies the allegations in Paragraph 36 of the Complaint.

37. Carvana denies the allegations in Paragraph 37 of the Complaint.

38. Carvana denies the allegations in Paragraph 38 of the Complaint.

39. Carvana denies the allegations in Paragraph 39 of the Complaint.

### COUNT 2
### INVASION OF PRIVACY – INTRUSION UPON SECLUSION

40. Carvana reiterates and incorporates by reference each of the preceding paragraphs of this Answer.

41. Carvana denies the allegations in Paragraph 41 of the Complaint.

42. Carvana denies the allegations in Paragraph 42 of the Complaint.

43. Carvana denies the allegations in Paragraph 43 of the Complaint.

### JURY TRIAL DEMAND

44. The statements in Paragraph 44 of the Complaint is a jury trial demand to which no response is required.

Answering the unnumbered Paragraph immediately following Paragraph 44 in the Complaint beginning with "Wherefore," Carvana denies that Plaintiff is entitled to the relief requested and/or any relief whatsoever from Carvana.

## SECOND DEFENSE
(Failure to State a Claim)

45. The Complaint fails to state a claim for which relief can be granted against Carvana pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE
(Lack of Subject Matter Jurisdiction)

46. This court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in the Carvana's Website Terms of Use and Privacy Policy Agreement.

## FOURTH DEFENSE
(Permissible Purpose under FCRA)

47. Carvana hereby asserts it had a "permissible purposes" as defined under 15 U.S.C. Section 1681b(a) as a defense to Plaintiff's claims against Carvana.

## FIFTH DEFENSE
(Consent)

48. Carvana hereby asserts consent as a defense to Plaintiff's claims against Carvana.

## SIXTH DEFENSE
(Limitations of Actions)

49. Carvana hereby asserts all applicable statutes of repose and statutes of limitations pursuant to North Carolina law, in bar of Plaintiff's purported claims for relief as against Carvana.

## SEVENTH DEFENSE
(No Violations)

50. Plaintiff is barred from obtaining any recovery on the allegations in the Complaint because Carvana has abided by all applicable laws, regulations, and statutes, including the Fair Credit Reporting Act.

## RESERVATION OF RIGHTS

51. Carvana has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. Carvana intends to act as best it can to inform itself as to the pertinent facts and prevailing circumstances surrounding any reported damages as alleged in the Complaint, and gives notice of its intent to assert any further affirmative defenses that its information gathering process may indicate are supported by fact and law, including but not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, covenant, or the doctrine of laches. Carvana therefore reserves the right to amend its answer to assert any such defenses supported by evidence obtained through discovery, Carvana's complete investigation, or otherwise adduced at trial.

WHEREFORE, the Defendant Carvana having fully answered Plaintiff's Complaint, prays as follows:

1. That Plaintiff have and recover nothing from Carvana;

2. That Plaintiff's action against Carvana be dismissed, and that the costs of this action be taxed against Plaintiff and Carvana have and recover defense costs, attorneys' fees and any other consequential damages permissible under law;

3. That there be a trial by jury; and

4. That Carvana have and recover such other and further relief as the court may deem just and proper.

Respectfully submitted this the 20th day of September 2021.

/s/Cassie Holt
Cassie A. Holt, NCSB #56505
Nelson Mullins Riley & Scarborough LLP
Cassie.holt@nelsonmullins.com
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Phone: (919) 329-3886

S/Paul T. Collins
Paul T. Collins (*Special Appearance*)
E-mail: paul.collins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Phone: (803) 255-9747
Fax: (803) 255-9128

Kadeisha West (*pro hac vice forthcoming*)
E-mail: kadeisha.west@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
201 17th Street, 17th Floor
Atlanta, Georgia 30363
Phone: (404) 322-6000
Fax: (404) 322-6050
***Attorneys for Carvana, LLC***

### CERTIFICATE OF SERVICE

I, Paul T. Collins, hereby certify that, on September 20, 2021, a true and correct copy of the foregoing was served upon the following via U.S. mail, postage prepaid, and has been electronically filed using the Court's CM/ECF system:

Arthur Hill
2849 Trestle Court SW
Concord, NC 28025
***Pro Se Plaintiff***

/S/Paul T. Collins
***Attorney for Carvana, LLC***