IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Case No: 1:21-CV-00714

Arthur Hill, )
 )
        Plaintiff *pro se*, )
 )
 )
v. )
 )
Carvana, LLC and )
Experian Information Solutions, Inc. )
 )
        Defendants. )

## **PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff, Arthur Hill ("Plaintiff"), hereby moves the Court for Leave to Amend the Complaint pursuant to LR 7.3(j), Fed. R. Civ. P 15(a)(2) and 15(c). Plaintiff states the following to show good cause.

### I.     Carvana Is Using A Defense They Had Indicated They Would Not Use Prior to The Filing of the First Amended Complaint

Prior to the filing of the first amended complaint, the Plaintiff discovered that Carvana had buried an arbitration clause in their terms of service ("TOS") and believed they would claim Plaintiff agreed to arbitrate based on their TOS and attempt to compel arbitration based on their TOS. The method Carvana used or attempted to use to obtain agreement to the TOS was very similar in nature to the method they used to hide a credit disclosure. As such, Plaintiff included allegations and an additional claim regarding the arbitration clause in Carvana's TOS and was prepared to include that in his first amended complaint. The basis of the allegations were 1) the Plaintiff did not assent to the TOS, 2) the arbitration clause was unconscionable and 3) the

1

arbitration clause was part of a bait-and-switch arbitration scheme to be acted upon if a consumer opted out of a written arbitration agreement.

Plaintiff advised Carvana by way of Counsel that he had become aware of the TOS and asked if they planned on using their TOS as a defense. Counsel for Carvana indicated that Carvana did not plan on filing a motion to compel based upon the TOS. As a result, Plaintiff removed the allegations and claim related to the terms of service and requested leave to file. However, as is evident by their answer and defenses, Carvana has raised their Terms of Service in their defenses in spite of indicating they would not use that as a defense. Plaintiff now seeks leave to re-add those allegations and a claim back to the Complaint rather than ask the Court to strike the defense based on equitable estoppel. Plaintiff also believes the public has an interest in knowing Carvana uses a deceptive practice in forming an agreement during account setup that could be used to compel arbitration and possibly deny them any reasonable alternative to resolving disputes due to its terms.

## II.   Additional Facts Made Relevant By Certain Answers by Carvana

Carvana has now suggested that Plaintiff would actually desire to finance with them since his first transaction in 2019. Although Carvana could not provide answers as to why they ran the Plaintiff's credit multiple times prior to filing suit, they now claim to have affirmative knowledge of events without providing any actual details to support them. The events they claim to have happened regarding Plaintiff visiting their site and clicking a button never happened but it suggests Carvana is forecasting evidence they plan to manufacture in order to fill in the blanks and make out a defense "consent". They've also made the ridiculous allegation that the Plaintiff triggered an Account Review, a permissible purpose that is never initiated by a consumer. They supposedly have affirmative knowledge that Plaintiff allegedly changed his address, zip code and

2

income yet can't state what those changes were even though Plaintiff has resided at the same address since 2005.

Between August 17 and 21 of 2019, Plaintiff learned that the documents he was provided on August 17, 2019 when he picked up a newly purchased vehicle from Carvana were dated August 17, 2019 even though the Plaintiff signed the contract, sales agreement and arbitration agreement two days prior on August 15, 2019. Plaintiff also learned that an email sent to him separately on August 17, 2019 was linked to a risk-based pricing notice. When Plaintiff investigated the reason for receiving the type of notice, he learned that Carvana had violated the timing provision of providing the notice because the notice should have been provided prior to or during the consummation on August 15, 2019. Plaintiff at that time surmised that Carvana changed the dates on the documents to hide the fact that the notice was provided two days late. He also believed that he may have gotten a better deal if he had been financed through his bank instead of Carvana given they avoided providing him the notice in a timely fashion. Because Plaintiff could not privately enforce the violation of the risk-based pricing notice timing provision himself, he decided to opt out of the arbitration agreement and to avoid any financing through Carvana if he ever decided to purchase another vehicle from them. As such Plaintiff opted out of arbitration on August 21, 2019 and did not consider Carvana for future auto financing.

Additionally, since the filing of the first amended complaint, while collecting documents that may be responsive to discovery requests, Plaintiff realized a second risk-based pricing notice was also sent to him but it indicated that Carvana received information from Experian about the Plaintiff on August 17, 2019. This notice was sent to the Plaintiff on August 19, 2019, two days after he had picked up the vehicle and four days after consummating the transaction. However, a

3

review of Plaintiff's consumer disclosure does not disclose any inquiry by Carvana on August 17, 2019. As such, Plaintiff has added an additional allegation regarding Experian under section entitled "Plaintiff's 1681g Consumer Disclosures From Experian" and updated his 1681g claim. Likewise, allegations regarding the risk-based pricing notices and date changes to the documents after Plaintiff signed them are added in paragraphs 21 and 22.

**WHEREFORE**, Plaintiff requests that the Court grant him leave to file his second amended complaint. Plaintiff has also taken this opportunity to correct the paragraph numbering issues that were observed by both Defendants in their answers to the first amended complaint. A copy of the Proposed Second Amended Complaint is attached to this motion as **"Attachment 1"**.

Respectfully submitted,

This the 31 day of October, 2021.

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: (980)-521-1819
E-mail: artbhill@hotmail.com
*Pro Se Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on *October, 31, 2021*, I served the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO AMEND** with exhibits upon the parties by emailing a true copy to the email addresses for Counsel of Record below:

| | |
|---|---|
| Paul T. Collins<br>Nelson Mullins Riley & Scarborough LLP<br>1320 Main Street<br>Meridian 17th Floor<br>Columbia, SC 29201<br>Phone: 803.255.9747<br>E-mail: paul.collins@nelsonmullins.com<br>***Counsel for Defendant Carvana, LLC*** | Kadeisha A. West<br>Nelson Mullins Riley & Scarborough LLP<br>201 17TH Street NW<br>Atlanta, GA 30363<br>Phone: 404-322-6226<br>E-mail: kadeisha.west@nelsonmullins.com<br>***Counsel for Defendant Carvana, LLC*** |
| Cassie A. Holt<br>Nelson Mullins Riley & Scarborough LLP<br>4140 Parklake Avenue, Suite 200<br>Raleigh, NC 27612<br>Phone: 919.329.3886<br>E-mail: cassie.holt@nelsonmullins.com<br>***Counsel for Defendant Carvana, LLC*** | Caren D. Enloe<br>Smith Debnam Narron Drake Saintsing & Myers, Llp<br>4601 Six Forks Rd., Ste. 400<br>Raleigh, NC 27609<br>Phone: 919-250-2000<br>E-mail: cenloe@smithdebnamlaw.com<br>***Counsel for Experian Information Solutions, Inc*** |

*/s/ Arthur Hill*
Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: 980.521.1819
E-mail: artbhill@hotmail.com
***Pro Se Plaintiff***

5