IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:21-cv-00714-CCE-LPA

Arthur Hill,

                              Plaintiff,

    v.

Carvana, LLC; and
Experian Information Solutions, Inc.,

                              Defendants.

## Joint Rule 26(f) Report

1.      Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(a) and 16.1(b), the above-referenced matter brought by a *pro se* plaintiff is exempt from the Rule 26(f) meeting of the parties.  Counsel for Defendant Carvana, LLC consulted with counsel for Defendant Experian Information Solutions, Inc. on November 17, 2021 via telephone and Counsel for Defendants Carvana, LLC and Experian Information Solutions, Inc. consulted with Mr. Hill on November 18, 2021 via email.  All parties consent to the contents of this report.

2.      Discovery plan. The parties propose to the Court the following discovery plan:

   a. Discovery should be postponed pending determination of Plaintiff's Motion for Leave to Amend.  The "commencement date" of discovery will be upon entry of the Court's Order denying or granting the pending Motion for Leave to Amend in whole or in part.

   b. Discovery will be needed on the following subjects: Discovery is anticipated regarding the claims in Plaintiffs' complaint, Defendants' defenses to Plaintiffs' claims, and any counterclaims and defenses to such counterclaims to be potentially raised.  By agreeing to list these issues, the parties in no way waive their right to assert any objections to certain discovery or discovery requests that are otherwise available under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, pertinent case law or other authority.

   c. The parties agree that the appropriate plan for this case is that designated in LR 26.1 as Complex.

1

d. The date for the completion of all discovery (general and expert) is six (6) months from the commencement date, subject to agreement of the parties for a larger discovery period, if approved by the Court.

e. The Parties shall exchange the reports of affirmative expert witnesses, if any, within ninety (90) days from the commencement date. The Parties shall exchange the reports of rebuttal expert witnesses, if any, within one-hundred and twenty (120) days of the commencement date.

f. Each party shall be allowed a maximum of twenty-five (25) Interrogatories from one Party to another Party, including all discrete subparts.

g. Each party shall be allowed a maximum of twenty-five (25) Requests for Admission from one Party to Another Party.

h. Stipulated modifications to the case management track include: (1) Each party shall be allowed a maximum of twenty-five (25) Requests for Production of Documents from one Party to Another Party; (2) The parties have agreed that Electronically Stored Information (ESI) can be produced in a searchable PDF format; and (3) Each party shall be permitted a maximum of three (3) depositions (including any experts).

i. Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the court.

3.     Mediation. Mediation should be conducted early in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree that the mediator shall be Rene Trehy.

4.     Preliminary Deposition Schedule. Preliminarily, the parties agree to the following schedule for depositions: three (3) depositions by Plaintiff (including experts) and three (3) depositions by each Defendant (including experts). No single Deposition shall exceed eight (8) hours on the record. The parties will update this schedule at reasonable intervals.

5.     Other items.

a. Plaintiff should be allowed until three (3) months from the date of the initial pretrial order to request leave to join additional parties or amend pleadings.

b. Defendants should be allowed until four (4) months from the date of the initial pretrial order to request leave to join additional parties or amend

2

pleadings.

c. After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

d. The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master and do not believe either is necessary at this time. The parties do not agree to jurisdiction of a Magistrate Judge.

e. Trial of the action is expected to take approximately two days. A jury trial has been demanded.

f. The parties discussed whether the case will involve the possibility of confidential or sealed documents. At this time, the parties expect certain documents may be marked as Confidential or Highly Confidential in this matter, but any such documents filed with the Court may be redacted so as to avoid the necessity for filing under seal. The parties will separately file an agreed-upon confidentiality and proposed protective order to the Court which will include procedures intended to address (i) the cost-effective and streamlined disclosure of information concerning any materials withheld on the basis of a claim of privilege as an alternative to the exchange of privilege logs; and (ii) procedures for asserting privilege claims after production.

This the ___th day of November, 2021.

/s/ _Arthur Hill_____
Arthur Hill, *pro se*

/s/ _____
Cassie A. Holt, NCSB # 56505
Nelson Mullins Riley & Scarborough LLP
Cassie.holt@nelsonmullins.com
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Phone: (919) 329-3886

Paul T. Collins (*pro hac vice*)
E-mail: paul.collins@nelsonmullins.com

3

pleadings.

c. After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

d. The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master and do not believe either is necessary at this time. The parties do not agree to jurisdiction of a Magistrate Judge.

e. Trial of the action is expected to take approximately two days. A jury trial has been demanded.

f. The parties discussed whether the case will involve the possibility of confidential or sealed documents. At this time, the parties expect certain documents may be marked as Confidential or Highly Confidential in this matter, but any such documents filed with the Court may be redacted so as to avoid the necessity for filing under seal. The parties will separately file an agreed-upon confidentiality and proposed protective order to the Court which will include procedures intended to address (i) the cost-effective and streamlined disclosure of information concerning any materials withheld on the basis of a claim of privilege as an alternative to the exchange of privilege logs; and (ii) procedures for asserting privilege claims after production.

This the 22nd day of November, 2021.

/s/_____
Arthur Hill, *pro se*


*/s/ Cassie A. Holt*
Cassie A. Holt, NCSB # 56505
Nelson Mullins Riley & Scarborough LLP
Cassie.holt@nelsonmullins.com
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Phone: (919) 329-3886

Paul T. Collins (*pro hac vice*)
E-mail: paul.collins@nelsonmullins.com

3

Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Phone: (803) 799-2000

Kadeisha West (*pro hac vice*)
E-mail: kadeisha.west@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
201 17th Street, 17th Floor
Atlanta, Georgia 30363
Phone: (404) 322-6000
Fax: (404) 322-6050
***Attorneys for Carvana, LLC***


*/s/ Caren D. Enloe*
Caren D. Enloe
Smith Debnam Narron Drake Saintsing &
Myers, LLP
4601 Six Forks Road, Suite 400
Raleigh, NC 27607
Phone: 919-250-2000
Email: cenloe@smithdebnamlaw.com
***Attorneys for Experian Information
Solutions, Inc.***

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

Kadeisha A. West
Nelson Mullins Riley & Scarborough, LLP
201 17th Street NW
Atlanta, GA 30363
Kadeisha.west@nelsonmullins.com
*Counsel for Carvana, LLC*

Paul T. Collins
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street, Suite 1700
Columbia, SC 29201
Paul.collins@nelsonmullins.com
*Counsel for Carvana, LLC*

Cassie A. Holt
Nelson Mullins Riley & Scarborough, LLP
4140 Parklake Avenue, 2nd Floor
Raleigh, NC 27612
Cassie.holt@nelsonmullins.com
*Counsel for Carvana, LLC*

I also certify that the foregoing document is being served this day on Plaintiff via first class mail, postage prepaid, at the following address:

Arthur Hill
2849 Trestle Ct. SW
Concord, NC 28025

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: 919-250-2000
Facsimile: 919-250-2124
cenloe@smithdebnamlaw.com
*Counsel for Defendant Experian*
*Information Solutions, Inc.*