IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:21-cv-00714-CCE-JPA

Arthur Hill,

                Plaintiff,

v.

Carvana, LLC and
Experian Information Solutions, Inc.,

                Defendants.

**DEFENDANT CARVANA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Carvana, LLC ("Carvana"), by and through counsel, hereby files this Response in Opposition to Plaintiff Arthur Hill's Motion for Leave to Amend Plaintiff's First Amended Complaint ("FAC"), ("Motion to Amend") (Doc. No. 27)[1]. Carvana opposes Plaintiff's Motion to Amend on the grounds that Plaintiff's amendment is futile. Except for the correction of non-substantive typographical errors (*i.e.*, paragraph numbering), Plaintiff's Motion to Amend should be denied. In support thereof, Carvana states as follows:

## I.     INTRODUCTION

This action arises out of Plaintiff's contention that Carvana improperly initiated soft inquiries of his credit report on April 7, 2020 and August 17, 2020 without a permissible

---

[1] This is Plaintiff's second Motion for Leave to Amend. Plaintiff amended his complaint on October 4, 2021 after this Court found Plaintiff's first motion for leave to amend moot. (*See* Doc. Nos. 17-22).

purpose. (*See generally*, Doc. No. 18, FAC). After amending his claim to add additional factual allegations and to add Experian Information Solutions, Inc. ("Experian") as a party, Plaintiff now seeks to amend his complaint for a second time to assert a new claim for fraud based on unsupported allegations subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## II. FACTUAL ALLEGATIONS

In the FAC, Plaintiff alleges that on August 15, 2019, he purchased a 2016 BMW 328i ("BMW 3") from Carvana through Carvana's Website. (Doc No. 18, FAC ¶ 14). To begin the purchase of the BMW 3, Plaintiff created an account profile on Carvana's Website. (*Id.* ¶ 16). Plaintiff elected to finance the BMW 3 through Carvana on Carvana's Website. (*Id.* ¶ 16). As part of the process, Carvana initiated a soft inquiry on Plaintiff's credit prior to the completion of the purchase and a hard inquiry once the purchase was completed. (*Id.* ¶ 18). On August 17, 2019, the BMW 3 was delivered to Plaintiff. (*Id.* ¶ 14). On August 21, 2019, Plaintiff opted out of the arbitration agreement that is incorporated by reference into Plaintiff's purchase and sale documents with Carvana. (*Id.* ¶¶ 19-20).

On August 17, 2020, Plaintiff requested an appraisal of the BMW 3 on Carvana's Website. (*Id.* ¶ 21). Plaintiff alleges that he never received an appraisal of the BMW 3. (*Id.* ¶ 21). On that same day, Plaintiff also began his search on Carvana's Website for another vehicle and requested to be notified when that vehicle would be available on Carvana's Website. (*Id.* ¶ 22). Plaintiff alleges he did not request a loan. (*Id.* ¶ 22). Plaintiff alleges that he never received notice from Carvana regarding Plaintiff's desired vehicle. (*Id.* ¶ 22).

On July 21, 2021, Plaintiff alleged that he requested and received his Experian consumer disclosure ("Experian Report") wherein Plaintiff discovered three soft inquiries from Carvana on April 7, 2020 and two soft inquiries from Carvana on August 17, 2020. (*Id.* ¶ 23). On August 16, 2021, Plaintiff filed suit against Carvana for violation of the Fair Credit Reporting Act ("FRCA") and Invasion of Privacy. (Doc. No. 4). On October 4, 2021, Plaintiff amended his complaint to add Experian as a party and to add additional claims against Carvana for fraud, violation of the North Carolina consumer protection statute, and additional violations of the FCRA. (*See generally*, Doc. No. 18, FAC ¶¶ 63-119). Defendant Carvana filed and served its Answer to the FAC on October 21, 2021. (Doc. No. 22, Carvana's Answer to FAC). Included in its Answer are affirmative allegations stating as follows: (1) "Carvana's Website Terms of Use Agreement contains an arbitration agreement that may be applicable to Plaintiff's claims against Carvana" (*Id.* ¶ 20); and (2) "the soft inquiries of Plaintiff's credit on April 7, 2020 and August 17, 2020 were triggered by multiple changes Plaintiff made to his Carvana account on both April 7, 2020 (changed yearly income, zip code, and address) and August 17, 2020 (changed yearly income and address) for account review and because Plaintiff also consented to the soft inquiries by choosing the 'Get My Financing Terms' option on April 7, 2020 and August 17, 2020, which also led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff." (*Id.* ¶¶ 21-26, 29-30, 32, 41-44, 46, 48-49, 51-53, 55, 65, 68, 73, 95, 101, 106) (the "Affirmative Allegations"). On November 3, 2021, Plaintiff filed a motion to amend seeking leave to file a proposed second amended complaint ("SAC"). (*See generally,* Doc. No. 27, Motion to Amend).

### III. PLAINTIFF'S MOTION TO AMEND

Plaintiff requests leave to amend his FAC to: (1) add new allegations and a new cause of action for fraud against Carvana related to the arbitration provision (the "Arbitration Provision") contained within Carvana's Website Terms of Use Agreement (the "Website Terms of Use"); (2) add new factual allegations related to risk-based pricing notices; and (3) correct the paragraph numbering issues in the FAC.[2] (Doc. No. 27, Motion to Amend).

In the Motion to Amend, Plaintiff alleges that Carvana "buried" the Arbitration Provision in Carvana's Website Terms of Use. (*Id.* at p. 1). Plaintiff alleges that he learned of the Arbitration Provision prior to filing the FAC. (*Id.* at p. 1). Plaintiff also proposes to add a claim for fraud based on this alleged arbitration scheme. (*See* Doc. No. 27-1, SAC ¶¶ 145-149). In the Motion to Amend, Plaintiff asserts that he did not include allegations and claims related to the Arbitration Provision in the FAC because Carvana's counsel represented that Carvana did not intend to file a motion to compel arbitration based on Carvana's Website Terms of Use. (Motion to Amend at p. 2).[3] Carvana has not filed a motion to compel arbitration in this case.

---

[2] Carvana does not oppose Plaintiff's request to make non-substantive changes to the paragraph numbering in the FAC.

[3] Carvana merely preserved its right by affirmatively alleging that "Carvana's Website Terms of Use Agreement contains an arbitration agreement that ***may be applicable*** to Plaintiff's claims against Carvana."(emphasis added) (Doc. No. 22, Carvana's Answer to FAC ¶ 20). *See Resolution Tr. Corp. v. Sw. Dev. Co.*, 807 F. Supp. 375, 379 (E.D.N.C. 1992), amended, 837 F. Supp. 122 (E.D.N.C. 1992) (citation omitted) ("Generally, a failure to plead an affirmative defense at the earliest possible opportunity results in a waiver of that defense").

The proposed amendments also include allegations regarding risk-based pricing notices. (*Id.* at p. 3). However, Plaintiff concedes that he has no private for right of action for this alleged violation. (*Id.* at p. 3). Notwithstanding this concession, Plaintiff still seeks leave to amend the FAC to add irrelevant new allegations related to the two risk-based pricing notices. (*See* Doc. No. 27-1, SAC ¶¶ 22-23).

Plaintiff inappropriately uses the Motion to Amend to attack the Affirmative Allegations Carvana made in its Answer to the FAC. According to Plaintiff, "Carvana is forecasting evidence that they plan to manufacture in order to fill in the blanks and make our[sic] a defense 'consent.'" (Doc. No. 27, Motion to Amend at p. 2). Carvana denies any allegation or implication that Carvana has or intends to manufacture evidence. More importantly, these allegations do not support a claim for fraud so the requested amendment is futile and must be denied.

## IV. <u>STANDARD UNDER FED. R. CIV. P. 15</u>

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. While leave to amend should be freely given, the purpose of Rule 15(a) is "to allow parties the opportunity to amend pleadings 'to assert matters which were overlooked or were unknown at the time the party interposed the original complaint.'" *Hensley v. City of Charlotte*, No. 320CV00482KDBDSC, 2021 WL 4929491, at *5 (W.D.N.C. Oct. 21, 2021) (citation omitted). *See also Weinberger v. Retail Credit Co.*, 498 F.2d 552, 555 n.4 (4th Cir. 1974). Moreover, it is not appropriate for the court to grant leave to amend where the amendments would result in "undue delay, bad faith, improper motive, futility, undue prejudice to the opposing party, or some other justifying reason." *Bireline v. Seagondollar*,

-5-
Case 1:21-cv-00714-CCE-LPA Document 29 Filed 11/24/21 Page 5 of 13

567 F.2d 260, 262 (4th Cir. 1977). "Amendment of pleadings should not be allowed if it would be an empty or useless gesture." *Shanks v. Forsyth Cty. Park Auth., Inc.*, 869 F. Supp. 1231, 1239 (M.D.N.C. 1994) (internal citation omitted).

Historically, the Fourth Circuit has held that leave to amend should be denied based on futility "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods. Co.*, 785 F.2d 503, 510 (1986); *see Superior Performers, Inc. v. Meaike*, No. 1:13CV1149, 2014 WL 5819826, at *2 (M.D.N.C. Nov. 10, 2014) (second alteration in original; internal quotation marks and citation omitted)). However, current Fourth Circuit jurisprudence provides that a proposed amendment is considered "futile" if the complaint, as amended, would not withstand a motion to dismiss under Rule 12(b)(6). *In re Triangle Capital Corp. Securities Litigation,* 988 F.3d 743, 750 (4th Cir. 2021) ("[I]n recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny."); *see Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). Simply put, when the proposed amendment fails to add facts that would help Plaintiff state a claim under Rule 12(b)(6), it is futile. *Shanks*, 869 F. Supp. at 1239. Further, a court may consider the merits of the litigation where the proposed amendment is clearly futile. *See White v. Ctr. for Creative Leadership*, No. 1:15CV281, 2016 WL 1048044, at *3 (M.D.N.C. Mar. 11, 2016) (citation omitted).

## V. ARGUMENT

As stated *supra*, a proposed amendment is "futile" if the complaint, as amended, would not withstand a motion to dismiss under Rule 12(b)(6). *See In re Triangle Capital Corp. Securities Litigation,* 988 F.3d at 750. "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim . . . ; or second, by failing to allege sufficient facts to support a legal cause of action. . . ." *Packrite, LLC v. Graphic Packaging Int'l, Inc.,* No. 1:17CV1019, 2018 WL 4112827, at *4 (M.D.N.C. Aug. 29, 2018) (internal quotation marks and citations omitted).

Under North Carolina law, to state a fraud claim, the plaintiff must allege facts sufficient to show that there was a "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party," where "any reliance on the allegedly false representations [is] *reasonable.*" *Forbis v. Neal*, 361 N.C. 519, 526–27, 649 S.E.2d 382, 387 (2007). "In addition to alleging factual allegations supporting each element of a fraud claim, a party must also plead the circumstances of fraud with particularity." *Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, 117 F. Supp. 3d at 725 (M.D.N.C. 2015); *see* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud."). In order to comply with the requirement that fraud be pled with particularity under Fed. R. Civ. P. 9(b), the plaintiff

must allege "time, place, and contents of the fraudulent representation, the identity of the person making the representation and what was obtained as a result of the fraudulent act or representations." *Page v. Select Portfolio Servicing, Inc.*, No. 1:12CV900, 2013 WL 4679428, at *4 (M.D.N.C. Aug. 30, 2013), *report and recommendation adopted*, No. 1:12CV900, 2013 WL 5462282 (M.D.N.C. Sept. 30, 2013) (quoting *Terry v. Terry*, 302 N.C. 77, 84, 273 S.E.2d 674, 678 (1981)).

Here, Plaintiff alleges that he lacked actual or constructive notice of the Arbitration Provision included in Carvana's Website Terms of Use. (Doc. No. 27-1, SAC ¶¶ 146, 148). Plaintiff alleges that because of this lack of notice, Plaintiff was deceived into believing that he opted out of all arbitration agreements with Carvana. (*Id.* ¶ 148). However, Plaintiff's allegations do not state a cognizable fraud claim against Carvana. Assuming Plaintiff's allegations are true, Plaintiff's own alleged facts demonstrate that Plaintiff had reasonable notice and access to the terms and conditions of the Arbitration Provision. Plaintiff alleges that he was directed to create an account in order to purchase a vehicle from Carvana's website (*Id.* ¶ 16). As part of the process to create an account, the user is required to fill out a form. (*Id.* ¶ 75). Once the user enters in the required information on the form, the "CREATE MY ACCOUNT" option is enabled as well as a hyperlink to the Website Terms of Use below. (*Id.* ¶ 77). Although Plaintiff believes that the location of Carvana's Website Terms of Use could have been more user friendly, (*Id.* ¶ 77), according to the Plaintiff's own allegations, Carvana did in fact provide access to its Website Terms of Use by including a hyperlink to the Website Terms of Use on the account creation web page. (*Id.* ¶ 77); *see Moreno v. Expedia*, No. 3:18-CV-105, 2018 WL

3059617, at *3 (W.D.N.C. June 20, 2018) ("In particular, courts have held that when the terms of use are available to the consumer via a hyperlink, they are bound to those terms if they proceeded with the transaction.").

Courts have upheld the validity and enforceability of online consumer agreements "when a user affirmatively acknowledges and agrees to contractual terms by checking a box or clicking a button as a condition of proceeding with his transaction." *Moreno*, 2018 WL 3059617, at *3. Here, Plaintiff was required to certify that he had read and agreed to the Website Terms of Use in order to create an account. (SAC ¶ 73). A hyperlink was included on the webpage to ensure that users could read the Website Terms of Use. (*Id.*) Whether Plaintiff actually read the Website Terms of Use is immaterial; by selecting the "CREATE MY ACCOUNT" option, Plaintiff received notice of the Website Terms of Use and the included Arbitration Provision. (SAC ¶ 16, 73, 76); *see also Moreno*, 2018 WL 3059617, at *3 ("Even if a plaintiff has not actually read the terms of an agreement, the user is considered to have constructive knowledge if he is required to acknowledge an agreement to proceed with a purchase."). Plaintiff not only had the opportunity to read the Website Terms of Use, but he expressly consented to them by clicking the "CREATE MY ACCOUNT" button. (*Id.*) Because Plaintiff has failed to allege any false representation by Carvana or actionable concealment of any material fact, Plaintiff cannot satisfy the first element of fraud.

Further, Plaintiff also cannot show, and has not alleged, that Plaintiff suffered ***any*** damages resulting from the purported fraud. *See McMillan v. Cumberland Cty. Bd. of Educ.*, 734 F. App'x at 843 (4th Cir. 2018) (stating one of the elements of a fraud claim is

the resulting damages to the injured party); *Forbis v. Neal*, 361 N.C. 519, 526–27, 649 S.E.2d 382, 387 (2007). As stated above, Carvana has not filed, and does not intend to file, a motion to compel arbitration. Plaintiff's amendments do nothing to address the fact that Carvana has not filed a motion to compel arbitration and, therefore, Plaintiff has not suffered any alleged damages.

In sum, Plaintiff's fraud claim is wholly comprised of alleged facts that contradict Plaintiff's allegations that Carvana committed any fraudulent act. Further, Plaintiff fails to allege facts to support any alleged damages incurred by reason of Carvana's conduct. As a result, Plaintiff has failed to state a claim for fraud, and, accordingly, Plaintiff's amendments to add this claim are futile. Therefore, Plaintiff's Motion to Amend must be denied.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, this Court should deny Plaintiff's Motion to Amend.

Respectfully submitted this the 24th day of November 2021.

[SIGNATURE ON FOLLOWING PAGE]

*/s/ Paul T. Collins*
Cassie Holt
NC Bar No. 56505
Nelson Mullins Riley & Scarborough LLP
Cassie.holt@nelsonmullins.com
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Phone: (919) 329-3886

Paul T. Collins *(special appearance)*
E-mail: paul.collins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Phone: (803) 799-2000

Kadeisha West *(special appearance)*
E-mail: kadeisha.west@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
201 17th Street, 17th Floor
Atlanta, Georgia 30363
Phone: (404) 322-6000
Fax: (404) 322-6050
***Attorneys for Carvana, LLC***

## Certificate of Compliance

Pursuant to Local Rule 7.3(d)(1) of the Rules of this Court, I certify that the accompanying Defendant Carvana's Response Brief in Opposition to Plaintiff's Motion to Amend, which was prepared using Times New Roman 13-point typeface, contains 2822 words, excluding the parts of the document that are exempted by Rule 7.3(d)(1). This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 24th day of November, 2021.

    */s/ Paul T. Collins*
    **Attorney for Carvana, LLC**

## **CERTIFICATE OF SERVICE**

I, Paul T. Collins, hereby certify that, on November 24, 2021, a true and correct copy of the foregoing was served upon the following via U.S. mail, postage prepaid, and has been electronically filed using the Court's CM/ECF system:

Arthur Hill
2849 Trestle Court SW
Concord, NC 28025
***Pro Se Plaintiff***

Caren D. Enloe
Smith Debnam Narron Drake Saintsing &
Myers, LLP
4601 Six Forks Road, Suite 400
Raleigh, NC 27607
Phone: 919-250-2000
Email: cenloe@smithdebnamlaw.com
***Attorneys for Experian Information Solutions, Inc.***

                                              */s/ Paul T. Collins*
                                              ***Attorney for Carvana, LLC***