IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARTHUR HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-CV-714 |
| | ) | |
| CARVANA, LLC and EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The plaintiff Arthur Hill moves to amend his complaint to add factual allegations and a fraud claim. Because the fraud claim would be futile and the factual allegations are unnecessary at best and confusing at worst, the motion will be denied. To the extent Mr. Hill seeks to correct typographical errors, the Court suggests he confer with the defendants, who have not objected to those amendments, and submit a consent motion.

Although motions for leave to amend a complaint should be granted liberally, Fed. R. Civ. P. 15(a)(2), a court may deny leave if amending the complaint would be futile, that is, if "the proposed amendments could not withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Mr. Hill proposes to add a fraud claim to his complaint, alleging that Carvana's website made it difficult to realize he had not opted out of arbitration.

According to his own alleged facts, the information about arbitration was present on the web-based form, and Mr. Hill cites no case for the proposition that a defendant commits fraud by including disclaimers and options on a web-based form that the user

finds difficult to navigate or considers to be inconspicuous.[1] Nor has he alleged any damages flowing from the inclusion of the arbitration agreement, as Carvana has not sought to compel arbitration. The motion to add a fraud claim will be denied as futile.

Mr. Hill also seeks to include additional factual assertions, Doc. 27-1 at ¶¶ 21–22, a sentence in *id.* at ¶¶ 67, 68, 70–87, 135, and an additional prayer for relief to come into play if Carvana seeks arbitration. *Id.* at 46 ¶ a. The alleged facts and prayer for relief about the arbitration agreement are unnecessary and, at the moment, irrelevant. If and when Carvana moves to compel arbitration, Mr. Hill can oppose that motion with relevant evidence. He concedes that he does not have a private cause of action for the allegedly untimely "risk-based pricing notices" he has asserted in the proposed complaint. *Id.* at ¶ 22. The new allegations appear to be relevant largely to the futile fraud claim, but to the extent they are directed to allegations in the answer, they are unnecessary, as plaintiffs are not required to file a pleading to deny or correct facts alleged in an answer.

Mr. Hill also proposes to correct typographical errors in his first amended complaint. Defendant Carvana does not object to these non-substantive changes. Doc.

---

[1] Mr. Hill did not file a reply brief addressing the defendants' futility argument. While courts liberally construe the pleadings of *pro se* plaintiffs, courts are not advocates for unrepresented parties. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). It is not the role or responsibility of a court to undertake legal research needed to authorize a claim the plaintiff has chosen not to support. *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that the district court is not expected to assume the role of advocate for a *pro se* litigant); *Hughes v. B/E Aerospace, Inc.*, No. 1:12CV717, 2014 WL 906220, at *1 n. 1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do.").

29 at 4 n.2. If Mr. Hill wishes to file an amended complaint limited to correcting these mistakes, he should share the proposed amended complaint with defense counsel to simplify presentation of a motion to amend.

It is **ORDERED** that the plaintiff's motion for leave to amend, Doc. 27, is **DENIED.**

This the 20th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE