IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil No. 1:21-CV-00714

ARTHUR HILL,               )
                           )
              Plaintiff    )
    v.                     )
                           )
CARVANA, LLC,              )
                           )
              Defendants.  )
_____)

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY RESPONSES FROM CARVANA, LLC

Plaintiff Arthur Hill ("Plaintiff"), submits this Memorandum of Law in support of his motion to compel responses to his First Set of Interrogatories, First Request for Production and First Request for Admissions. Although Plaintiff is not an attorney, he includes certification pursuant to LR 37.1(a) of the Rules of this Court.

## I.    NATURE OF THE MATTER BEFORE THE COURT

This matter is before the Court due to Carvana's improper denials of certain requests for admissions, improper or insufficient objections to interrogatories and requests for production and refusal to produce any documents reviewed in answering the Plaintiff's request for admissions and interrogatories. Regarding any requests for admissions that were denied by Defendant, Plaintiff considered serving a request for production asking Carvana to produce any and all documents or other materials that support each denial. But in light of their insistence that no documents were reviewed in answering any interrogatory

1

or request for admission under RFP 1, Plaintiff believes such a request would result in the same response and serve to further delay resolution of the discovery dispute. In each instance where the Plaintiff states "Court should Order Carvana to either Admit to RFA", he means the RFA should be deemed admitted.

## II.  RELEVANT BACKGROUND

- On December 29, 2021, Carvana served its first set of discovery requests on the Plaintiff. A copy of Plaintiff's responses to their Request for Admissions on January 2, 2022, is attached hereto as **Exhibit I** ("Plt Resp RFA").

- On January 2, 2022, Plaintiff served his first Request for Admissions on Carvana. (see attached **Exhibit A** ["Plt RFA"])

- On January 9, 2022, Plaintiff served his First Set of Interrogatories ("Plt Int") and Request for Production on Carvana ("Plt RFP"). (see attached **Exhibit B**)

- On February 2, 2022, Carvana provided responses to Plaintiff's Request for Admissions. (see attached **Exhibit C** ["Carv Resp RFA"])

- On February 7, 2022, Carvana requested a 30-day extension of time to respond to Plaintiff's Interrogatories and Request for Production, moving the response deadline to March 10, 2022. Plaintiff agreed to the extension the next day on February 8, 2022.

- On March 10, 2022, Plaintiff received responses to his Interrogatories and Request for Production. (see attached **Exhibit D** ["Carv Resp Int"] and **Exhibit E** ["Carv Resp RFP"]) A supplemental response to RFAs was also provided at that time. (see

2

attached **Exhibit F** ["Carv Sup Resp RFA"]) Carvana produced a single document in response to all of Plaintiff's Request for Production of Documents, RFP 9, which consisted of the recording of a phone call between the Plaintiff and Carvana, referred to in the FAC at paragraph 24.

- On March 28, 2022, Plaintiff compiled a list of discovery responses he took issue with and provided to Counsel for Carvana as part of a meet and confer under LR 37.1(a). (see attached **Exhibit G** ["Meet and Confer Issues"])

- On April 4, 2022, Carvana's Counsel responded to the Meet and Confer Issues, generally maintaining all objections and denials the Plaintiff took issue with. A confidentiality agreement was included as a condition to produce certain information and Plaintiff responded agreeing to the confidentiality agreement on April 23, 2022. (see attached **Exhibit H** ["Meet and Confer Responses"])

- On April 29, 2022, after the Court entered a stipulated protective order, Carvana provided supplemental responses to Plaintiff's Request for Production of Documents 2 and provided a copy of the pre-qualification portion of agreements with Experian. The document is nearly identical to Figure B on page 15 of the FAC. Sub-paragraphs A(1)-(6) of the document produced and the same on Figure B are identical.

## III. ARGUMENT

It is black letter law that a party respond to discovery requests "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1)

3

"Generally speaking, discovery is limited only when it is 'sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege.'" Trilegiant Corp. v. Sitel Corp, No. 09 Civ. 6492, 2011 WL 2693299, at * 3 (S.D.N.Y July 1, 2011) (quoting In re Siz Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992)). Relevance "has been broadly construed to encompass 'any possibility' that the information sought may be relevant to the claim or defense of any party," and the burden rests on the party resisting discovery to demonstrate that discovery should not be had. EEOC v. Sheffield Fin., LLC, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007).

Thus, if a party has an objection to a request for admission or an interrogatory, it must state its grounds for objecting "in detail" and "with specificity." Fed. R. Civ. P. 36(a)(4); Fed. R. Civ. P. 33(b)(4); *see also United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996) ("Rule 36 requires substantial compliance. A party must give reasons for a claimed inability to respond.") Mere boilerplate objections are not sufficient. Rather, Rule 36(a)(4) requires that if a party refuses to admit an RFA, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Indeed, the fact that a party has objected to a request does not justify its refusal to answer the request; once the party has established the grounds for its objection, it must still make a good faith effort to answer the request. See, e.g., Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc., NO. CIV. A. 94-2395-GTV, 1995 WL 625744, at *3 (D. Kan. Oct. 5,

4

1995) ("an ambiguous [request] should be answered as far as possible with appropriate qualification of explanation, rather than objected to entirely"). For this reason, the burden is upon the party opposing discovery to show that discovery should not be permitted.

Rule 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The rule also authorizes the court to impose appropriate limitations on discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protective orders may include, inter alia, provisions "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (c)(1)(C), (c)(1)(D)

## A. **CARVANA'S OBJECTIONS BASED ON CERTAIN TERMS SHOULD BE OVERRULED.**

Carvana has lodged certain objections based on their contention that the terms **"conspicuous"**, **"pre-qualification"**, **"informed consent"**, **"written instructions"** and **"account review"** are vague and ambiguous. The Court should overrule objections where

5

these terms were defined in a discovery request or Carvana specifically used the same term.[1]

First, regardless of the source of definition, the term **conspicuous** clearly means "easily noticeable and obvious" or "not hard to miss" or similar meaning. As used in the FAC, it consistently refers to Carvana's hidden credit disclosure as being the opposite of conspicuous (**inconspicuous**)..i.e. "not easily noticeable" and "easy to miss". Plaintiff uses conspicuous in the FAC at ¶ 36 in describing what he believed Experian required for obtaining written instructions over the internet. Plaintiff also defined "**clearly and conspicuously**" in his discovery requests to mean "a required disclosure of information is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers.". (Exhibit A, Definitions ¶ 11)

Second, the term "**pre-qualification**" is used throughout the FAC and Carvana used it in answering in paragraph 36 stating in part that "Carvana admits that it has agreements with Experian Information Solutions, Inc.... for access and use of **pre-qualification** services." (see also Id ¶ 8)

Third, the term "**informed consent**" is defined in Plaintiff's discovery requests to mean "there is agreement to an interaction or action rendered with knowledge of relevant facts, such as the risks involved or any available alternatives. i.e., The user is aware of what is being presented and must, prior to moving on with a transaction, indicate their agreement

---

[1] Two examples are RFA 23 and Interrogatory 5.

6

by some affirmative action such as, among other things, (a) electronically sign a document (i.e., ESIGN Act), (b) clicking a checkbox which signals their affirmative agreement if checked or (c) pressing # on a telephone which signals their affirmative agreement." (see also Id ¶ 10)

Fourth, the term "**written instructions**" is used repeatedly in the FAC and referenced in agreements between clients and Experian. Specifically, on Figure B at page 15, section [A. FCRA Compliance--Written Instructions] refers to "written instructions" as it pertains to the requirements for obtaining consent over the internet. Carvana has now produced a nearly identical document.

Lastly, the term "**account review**" is used in the FAC and Carvana used it in answering the FAC multiple times, including at paragraph 21 where they stated in part that "Carvana affirmatively alleges that the soft inquires of Plaintiff's credit on April 7, 2020 and August 17, 2020 were triggered by multiple changes Plaintiff made to his Carvana account on both April 7, 2020 (changed yearly income, zip code, and address) and August 17, 2020 (changed yearly income and address) for **account review**..." The Court should overrule any objections by Carvana where they have objected to terms that were defined in Plaintiff's discovery requests or where they have used the same terms themselves.

## B. **REQUEST FOR PRODUCTION OF DOCUMENTS 1 ("RFP 1")**

**RFP 1:** Produce all documents you referred to in answering each of the Plaintiff's First Set of Interrogatories and Requests for Admissions.

7

**RFP 1 Response:** Carvana objects to Request No. 1 because it calls for Carvana to produce documents that are publicly available. Carvana further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege. Subject to and without waiver of these objects, Carvana responds by stating there are no documents responsive to Request No. 1.

First, Carvana has not identified which documents are supposedly publicly available or where these would be located. Second, they have not produced a privilege log for documents that are supposedly protected by attorney-client privilege. And lastly, they produced nothing at all in response to RFP 1. The Court should (1) overrule the objections regarding the following discovery requests, (2) order Carvana to produce a privilege log for information withheld due to privilege and (3) produce documents reviewed in responding to interrogatories and request for admissions as discussed below. In the event Carvana fails to produce relevant documents or fully answer interrogatories that were unreasonably objected to, Carvana should be prevented from using any evidence that would favorably support their positions regarding the discovery requests.

### 1. <u>Carvana's Improper Objections to Interrogatories</u>

**<u>Interrogatory 1:</u>** Please explain in detail your compliance policies for adhering to the requirements of the FCRA as it pertains to pre-qualification over the internet.

**<u>Response to Interrogatory 1:</u>** Carvana objects to Interrogatory No. 1 as it relies on the term "pre-qualification" that Plaintiff does not define in accordance with the meaning typically ascribed in ordinary usage. Carvana further objects to this Interrogatory because it is vague and ambiguous as to the term "compliance policies." Carvana further objects to this Interrogatory because it seeks the discovery of information that is proprietary and/or confidential and not proportional to the needs of the case. Carvana further objects to this Interrogatory because it is overly broad and not limited to the time period that is relevant for purposes of this litigation.

8

As discussed earlier, Plaintiff not only defined the term "pre-qualification", but Carvana used this term in their answer. This request is relevant to the claims or defenses in this case and Plaintiff has a right to discovery of this relevant information. Carvana clearly understands the meaning of "compliance policies" given their objection suggests the Plaintiff seeks information that is "proprietary and/or confidential". As far as the time limitation, Carvana could have limited the time period of the claims at issue (i.e., policies as they existed from August 2019 to August 2020). The request is not overly broad as it is limited to policies specific to FCRA and more specifically to pre-qualification over the internet, which deals with their website and agreements with Experian. Considering the Plaintiff has also agreed to confidentiality of information, the Court should overrule this objection and order Carvana to fully answer the interrogatory (which may refer to a document produced in lieu of answering) or produce their compliance policies as a supplement to RFP 1.

> **Interrogatory 5:** Based on your agreements with Experian to comply with the FCRA, describe in detail your responsibilities as it pertains to obtaining written consent or written instructions (**"informed consent"**) for the purpose of pre-qualification via the internet at carvana.com and specifically as it pertains to you Get My Finance Terms process.

> **Response to Interrogatory 5:** Carvana objects to Interrogatory No. 5 as it relies on the terms **"informed consent"** and **"pre-qualification"** that Plaintiff does not define in accordance with the meanings typically ascribed in ordinary usage. Carvana further objects to this Interrogatory as vague and ambiguous as it relies on the term **"written instructions."** Subject to and without waiver of these objections, Carvana refers Plaintiff to 15 USC §1681 for the requirements of obtaining a credit report.

9

As discussed earlier, Plaintiff not only defined the term "pre-qualification", but Carvana used this term in their answer. Furthermore, "informed consent" is defined in Plaintiff's discovery requests under Definitions. Carvana also avoids answering the question by referring to §1681 as if that US Code section defines their agreements with Experian. This request is relevant to the claims or defenses in this case and Plaintiff has a right to discovery of this relevant information as it goes to Plaintiff's claim that Carvana deliberately evaded compliance with their agreements with Experian regarding how they should obtain written instructions from consumers during the purchase of a vehicle as it applied to their [Get My Finance Terms] feature. Considering the Plaintiff has also agreed to confidentiality of information and Carvana has produced the document relevant to this interrogatory, the Court should overrule this objection and order Carvana to fully answer the interrogatory and produce documents they referred to as a supplement to RFP 1.

> **Interrogatory 6:** Please provide the date, time with time zone, permissible purpose for each instance in which you requested information from Experian related to the Plaintiff on April 7 & August 17 of 2020.

> **Response to Interrogatory 6:** In response to Interrogatory No. 6, Carvana states the following. On April 7, 2020 at 4:47 p.m. (UTC) and in response to Plaintiff's, or someone using Plaintiff's login credentials for Plaintiff's Carvana account, selection of one of the buttons on Carvana's website to get finance terms, Carvana initiated a soft credit pull in order to provide the requested finance terms. As part of the process initiated by Plaintiff, there were multiple internal identity checks. Carvana submitted only one soft pull form to Experian on April 7, 2020, which resulted in one soft credit check. Carvana's internal identity checks do call Experian but they do not return credit, only identity information. On August 17, 2020 at 12:08 p.m. (UTC) and in response to Plaintiff's, or someone using Plaintiff's login credentials for Plaintiff's Carvana account, selection of one of the buttons on Carvana's website to get finance terms, Carvana initiated a soft credit pull in order

to provide the requested finance terms for Plaintiff. As part of the process initiated by Plaintiff, there were multiple internal identity checks. Carvana submitted only one soft pull form to Experian on August 17, 2020, which resulted in one soft credit check. Carvana's internal identity checks do call Experian, but they do not return credit, only identity information.

Instead of Carvana answering this simple request by providing the three pieces of information as requested, they go into a spill about what supposedly occurred and then produced nothing in response to RFP 1. Carvana repeatedly and affirmatively stated in their answer that Plaintiff used [Get My Finance Terms] and changed information in an account profile in their answer to the FAC as part of their defense. Carvana used these affirmative statements to suggest they had certified at least the permissible purposes of [Pre-qualification] and [Account Review] when they certified those purposes to Experian. They know which purposes they certified for the 3 inquiries in April 2020 and the 2 inquiries in August 2020. Plaintiff expected the three pieces of information requested in response to the interrogatory. And for RFP 1, Plaintiff expected, at a minimum, documents that demonstrate those permissible purposes were certified to Experian in accordance with 15 U.S.C. § 1681e. The Court should order Carvana to answer the request as written by supplying the three pieces of information and produce the documents tending to show the permissible purposes they certified to Experian as a supplement to RFP 1.

**Interrogatory 7:** Identify the name along with the creation date and time of each document in which believe to be evidence that the Plaintiff provided written instructions for you to inquire into his credit with Experian on April 7 and August 17 of 2020.

**Response to Interrogatory 7:** Carvana objects to Interrogatory No. 7 because it is

11

vague and ambiguous as to the term "written instructions." Subject to and without waiver of this objection, Carvana refers Plaintiff to its response to Interrogatory No. 6.

Carvana avoids answering this question by referring to Interrogatory 6 which clearly does not answer the interrogatory. As mentioned, Carvana affirmatively stated that Plaintiff used [Get My Finance Terms] in answering the FAC on these two dates. This statement could only implicate "written instructions" due to a credit disclosure on the page which purportedly provides Carvana unlimited access to make credit inquiries based on written instructions. The Court should Order Carvana to fully answer this interrogatory by identifying the documents evidencing the Plaintiff provided written instructions for them to inquire into his credit on April 7 and August 17 of 2020 as requested and produce the documents reviewed as a supplement to RFP 1.

## 2. Carvana's Improper Denials/Objections to Request for Admissions

**RFA 5:** Admit that you have no personal knowledge that Plaintiff visited carvana.com on April 7, 2020 or August 17, 2020 and made changes regarding his address, yearly income, zip code or a request for financing pre-qualification.

**Response to RFA 5:** Denied.

Carvana's denial was improper and should have been admitted in the first instance, supplemented or they should have produced what they reviewed to support their denial. They obviously wouldn't have personal knowledge, but they produced nothing in response to RFP 1 showing what they reviewed to conclude they had personal knowledge of Plaintiff changing any information in an account profile, Plaintiff used [Get My Finance Terms] or

12

that they provided financing terms due to a request for pre-qualification.

The fact that this denial was improper was also revealed in the Meet and Confer Responses when Counsel for Carvana stated that "However, with your consent, Carvana will seek the Court's permission to file an amended Answer to remove affirmative allegations that Plaintiff directly made changes to his Carvana account on April 7, 2020 and August 17, 2020." (see Exhibit H pg 7 ¶ 1) Plaintiff would oppose an amendment by Carvana because the amendment deadlines for all parties have passed and that would provide Carvana with yet another shot at creating a new set of vague and ambiguous statements in their defense. Carvana's repeated affirmative statements in their answer were not based on "information and belief" ...they were "affirmative statements" as though they spoke the truth based on what they had already observed.

Carvana was put on notice about issues with their affirmative statements several times. The first instance was shortly after they answered the Complaint on November 3, 2021 when Plaintiff sought an amendment. (see ECF No. 27)[2] ("They supposedly have affirmative knowledge that Plaintiff allegedly changed his address, zip code and income yet can't state what those changes were even though Plaintiff has resided at the same address since 2005") Not surprisingly, Counsel for Carvana then served frivolous discovery requests based on the affirmative statements. (see also Id) ("The events they

---

[2] Plaintiff was never served a copy of the Defendant's response. (ECF No. 29) He wasn't aware of a response until he received the Court's order denying the motion and reviewed the docket. (ECF No. 31) Afterwards, Plaintiff requested electronic notifications so that he didn't have to rely on Counsel for Defendants providing him a copy of any documents filed with the Court.

13

claim to have happened regarding Plaintiff visiting their site and clicking a button never happened but it suggests Carvana is forecasting evidence they plan to manufacture in order to fill in the blanks and make out a defense...") In response to those frivolous discovery requests, Plaintiff put Carvana on notice again when he informed Counsel for Defendants that many of the requests for admissions were frivolous by email on January 5, 2022, stating in part the following:

> **Regarding the request for admissions:** A reasonable inquiry into Carvana's account profile page could have revealed certain requests for admission were totally frivolous and had no chance of being admitted.

> **Example:** Every request that attempts to have me admit that I supposedly changed or modified my address and/or income in an account profile is frivolous and based on false evidence. A street address (i) is not required for an account profile and (ii) a street address is not available in the account profile to edit. The same goes for updating yearly income on an account profile. Some of these requests for admissions that stand out by the numbers are: 9, 10, 11, 13, 14, 15, 16. I didn't notice Carvana had changed the address to "2849 Trestle SW Ct" until you brought it up in the requests for admission.

(see also Exhibit I, ¶¶ 9-11, 13-16) Plaintiff also demonstrated why the discovery requests were frivolous by producing a screen recorded video, showing how he was unable to make the alleged changes on an account profile and providing it in response to Carvana's discovery requests. The Court should Order Carvana to either Admit to RFA 5 or produce the documents they reviewed tending to show they had personal knowledge as a supplement to RFP 1.

> **RFA 9:** Admit that you did not substantially comply with Experian's requirements regarding how to obtain written consent for pre-qualification over the internet on August 15, 2019.

14

**Response to RFA 9:** Denied.

Carvana produced nothing they reviewed in denying this request when responding to RFP 1. i.e. They should have least reviewed their agreement with Experian and the credit disclosure buried on the web page that has the [Get My Finance Terms] button to deny the request. On its face, if the agreement with Experian is consistent with the examples in the FAC (i.e. Figure B), this request arguably should have been admitted. Regardless, the Court should Order Carvana to produce the documents they reviewed in denying RFA 9 as a supplement to RFP 1.

> **RFA 11:** Admit that you took no steps to make your credit disclosure used during the purchase of a vehicle clearly visible and conspicuous before, during or after you hid the FAQ at carvana.com regarding credit inquiries that were not initiated by consumers.

**Response to RFA 11:** Denied.

Carvana produced nothing they reviewed in denying this request. i.e. They should have least reviewed their agreement with Experian and the credit disclosure buried on the page that has the [Get My Finance Terms] button to deny the request. On its face, if the agreement with Experian is consistent with the examples in the FAC, this request arguably should have been admitted if there were no changes to make the disclosure clearly visible and conspicuous.[3] Regardless, the Court should Order Carvana to produce the documents they reviewed in denying RFA 11 as a supplement to RFP 1.

---

[3] Notably, there are no objections here related to the term "conspicuous".

**RFA 12:** Admit that your carvana account profile page did not provide a method to input yearly income between August 2019 and August 2021.

**Response to RFA 12:** Denied.

This request should have been Admitted because it can be and was demonstrated affirmatively that an account profile at carvana.com does not provide a method to input yearly income. Carvana repeatedly and affirmatively stated in their answer that Plaintiff modified income on his account profile. They also tried to have Plaintiff admit to this in requests for admissions. As mentioned, Plaintiff recorded a video showing his inability to input or edit income, street address or zip code (to 9-digits) on a carvana account profile and provided that when he responded to Carvana's discovery requests. Yet this request has not been supplemented and nothing was produced to show what was reviewed in denying the request. The Court should Order Carvana to either Admit to RFA 12 or produce documents they reviewed as a supplement to RFP 1.

**RFA 18:** Admit that one or more consumers filed complaints with the CFDB against you due to credit inquiries they had not authorized similar to the complaint at https://www.consumerfinance.gov/data-research/consumer-complaints/search/detail/3985474.

**Response to RFA 18:** Carvana objects to Request No. 18 on the grounds that it is overly broad and not limited in time or scope. Carvana further objects on the grounds that the terms "CFDB" and "similar" are vague and ambiguous. To the extent that Plaintiff refers to the Consumer Financial Protection Bureau, Carvana also objects on the grounds that Request No. 18 is not relevant to a claim or defense in this case and, therefore, Request No. 18 is beyond the permissible scope of Fed. R. Civ. P. 26(b)(1).

16

Although Plaintiff did make a clerical error in typing "CF**DB**" instead of "CFPB", it appears Carvana knew it referred to CFPB which was defined as the Consumer Finance Protection Bureau. The hyperlink in the RFA also revealed it pertains to the CFPB/Consumer Finance Protection Bureau. The request should have been admitted given there's no question consumers filed complaints with the CFPB regarding credit inquiries by Carvana, LLC and this is publicly available. Furthermore, the Meet and Confer Responses indicated the CFPB complaint mentioned in the RFA involved a consumer from Texas so someone clearly reviewed that specific CFPB complaint and noticed it involved someone from a different state. (Exhibit H, pg 3 ¶ 3) The Court should Order Carvana to Admit to this request and produce the complaint (mentioned in the RFA) along with their complaint response as a supplement to RFP 1.

> **RFA 23:** Admit that there is no clearly conspicuous disclosure at carvana.com that would inform any user of Carvana's website that a change to their address or zip code within their account profile would result in a credit inquiry for the permissible purpose of "pre-qualification", "account review" or any other purpose.
>
> **Response to RFA 23:** Carvana objects to Request No. 23 on the grounds that the terms "conspicuous," "pre-qualification," and "account review" are vague and ambiguous. Subject to and without waiver of these objections, Carvana denies Request No. 23.

As discussed earlier, the objections based on the terms should be overruled by the Court. Carvana produced nothing they reviewed in response to RFP 1 for this denial. In order to deny this request, Carvana must have reviewed some information at their website that indicates they would in fact inquire into a consumer's credit if a user changed their

address or zip code. Likewise, Carvana repeatedly and affirmatively alleges in their answer that Plaintiff changed information in an account profile triggering account review inquiries and served frivolous discovery requests attempting to have Plaintiff admit to that.[4] The Court should Order Carvana to either Admit to this RFA or produce documents they reviewed in making this denial as a supplement to RFP 1.

### C. Other Requests for Production of Documents.

**RFP 5:** Produce a copy of any CFDB [sic] complaint along with your response that was filed against you by any consumer who alleged that you inquired into their credit without their authorization or without a permissible purpose from the year 2017 to present.

**Response to RFP 5:** Carvana objects to Request No. 5 because it is overly broad and not proportional to the needs of the case as compliance would be unreasonably time consuming and burdensome as it would require the compilation and review of a vast array of material having no possible relevance to the action. Carvana further objects to this Request because it not limited to the time period that is relevant for purposes of this litigation.

This request is not overly broad and is limited to 2017 to present. Plaintiff's relationship with Carvana began in 2019, thus the initial time period is just two years prior. This time limitation is based on Plaintiff's review of complaints at the Consumer Finance Protection Bureau website dealing specifically with credit inquiries that consumers did not recognize and complained about. This request is also not unreasonably time consuming or burdensome, nor would it require the compilation and review of a vast array of material with no relevance. Plaintiff himself can retrieve a list of complaints from this period from

---

[4] One request even asked Plaintiff to admit that he intentionally changed personal information on an account profile to cause Carvana to run his credit. (Exhibit I, RFA 16)

the CFPB website with relative ease using a specific category (issue) and sub-category

(sub-issue), but his complaint extract from the CFPB website would include redactions and

exclude the responses that Carvana provided when responding to complaints. Furthermore,

Plaintiff himself filed a complaint that should be included in their results. The Court should

overrule Carvana's objections and Order Carvana to produce the information as requested.

> **RFP 6:** Produce a copy of any document or communication which you believe
> would support your belief that you have a permissible purpose for inquiring into the
> credit of a consumer if that consumer allegedly visits their account profile at
> carvana.com and (i) changes their address, (ii) changes their income or (iii) changes
> their zip code.

> **Response to RFP 6:** Carvana objects to Request No. 6 because it is predicated on
> a legal conclusion. Carvana further objects to this Request because it seeks
> information or documents that are protected by the attorney-client privilege and/or
> the work product doctrine. Subject and without waiver of this objection, Carvana
> states that the Fair Credit Reporting Act provides a list of permissible purposes for
> obtaining a credit report at 15 USC §1681(b) and refers Plaintiff to this statute in
> Response to this Request.

The Court should overrule this objection. First, it is not predicated on a legal

conclusion and even if it were, that legal conclusion would have been Carvana's legal

conclusion that was drawn from somewhere. At best, it asks Carvana to apply facts in the

documents or communications to the law regarding permissible purposes under the FCRA.

Second, if the documents were supposedly protected by the attorney-client privilege and/or

the work product doctrine, there was no privilege log provided describing which documents

or communications were supposedly withheld due to being protected by attorney-client

privilege and/or the work product doctrine. These objections are nothing more than an

19

avoidance because Plaintiff demonstrated affirmatively that it was impossible to edit an address, income or change a zip code to 9 digits on an account profile when he responded to Carvana's discovery requests. The documents Plaintiff requested couldn't have been protected by attorney-client privilege or work product doctrine if they existed prior to this litigation. And handing documents or communications over to Counsel during the course of discovery doesn't convert them to work product or provide protection under the attorney-client privilege. The Court should Order Carvana to produce a privilege log of the documents and communications which they've withheld regarding RFP 6 and order Carvana to produce the documents and communications that aren't actually protected if the documents actually exist.

## IV.    CONCLUSION

In conclusion, the Plaintiff's discovery requests to Carvana were limited and tailored to discovery of information regarding the claims of the Plaintiff and Carvana's defenses. They were not served to annoy, embarrass, oppress, or cause undue burden or expense.

The Plaintiff is entitled to discovery of information that is relevant or reasonably calculated to lead to admissible evidence involving his claims or Carvana's defenses in this action and Carvana is obstructing Plaintiff's ability to do that. The Court should intervene and resolve this dispute. As such, the Plaintiff prays that this Honorable Court enters an Order compelling appropriate responses to discovery as requested.

20

Respectfully submitted this 30th day of April, 2022.

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: (980)-521-1819
E-mail: artbhill@hotmail.com
*Pro Se Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.3(d)(1) of the Rules of this Court, I certify that Plaintiff Arthur

Hill's Memorandum in Support In Support Of Motion Compel Discovery, which was

prepared using Times New Roman 13-point typeface, contains 5,683 words, including the

parts of the document that are excepted by Rule 7.3(d)(1). This certificate was prepared

in reliance on the word-count function of the word-processing system "Microsoft Word"

used to the prepare the document.

Pursuant to LR 37.1(a) of the Rules of this Court, I certify that I conferred with

Attorney Collins on March 28, 2022. As a result of the conference regarding discovery, a

stipulated confidentiality agreement was reached for production of materials that should

be deemed confidential as of April 23, 2022. One additional document resulted from the

meet and confer. However, the majority of the discovery dispute remained unresolved.

I declare under penalty of perjury that the foregoing is true and correct.

This the 30th day of April, 2022.

*Arthur Hill*

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: 980.521.1819
Email: artbhill@hotmail.com
***Pro Se Plaintiff***

22

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2022, I served the foregoing document upon the parties shown below by email addressed to the following:

| | |
|---|---|
| Ashia Bre'ana Crooms-Carpenter<br>E-Mail: ashia.carpenter@nelsonmullins.com<br>301 South College Street, 23rd Floor<br>Suite 2300<br>Charlotte, NC 28202<br>Phone: 704-417-3235 | Paul T. Collins<br>E-Mail: paul.collins@nelsonmullins.com<br>1320 Main Street / 17th Floor<br>Columbia, SC 29201<br>Phone: (803) 255-9747 |
| Kadeisha West<br>E-mail: kadeisha.west@nelsonmullins.com<br>201 17th Street, 17th Floor<br>Atlanta, Georgia 30363<br>Phone: (404) 322-6000 | |

Arthur Hill

Arthur Hill
2849 Trestle CT SW
Concord, NC 28025
Phone: (980)-521-1819
E-mail: artbhill@hotmail.com
*Pro Se Plaintiff*

23