# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:21-cv-00714-CCE-LPA

Arthur Hill,

                  Plaintiff,

    v.

Carvana, LLC and
Experian Information Solutions, Inc.,

                  Defendants.

## CARVANA, LLC'S RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR ADMISSION

### TO: ARTHUR HILL, *PRO SE* PLAINTIFF:

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Carvana, LLC ("Carvana"), through undersigned counsel, hereby responds to Plaintiff's First Set of Requests for Admissions.

### GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction, and specific Request included in the Requests for Admission. Unless otherwise stated, they shall have the same force and effect as if set forth in response to each Definition, Instruction, and specific Request. Any undertaking to search for or provide information in response to any Request remains subject to these General Objections and to the other objections set forth herein. That an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Carvana from raising that objection at a later time. Further, the fact that Carvana has answered all or part of any

Request is not intended as, and shall not be construed to be, a waiver of any objection to that Request. Carvana intends no incidental or implied admissions by its Responses. Carvana denies any and all allegations and assertions of fact in the Requests, except for those facts expressly admitted in Carvana's Responses.

1. Carvana objects to the Requests to the extent that they purport to impose burdens or obligations on Carvana that are broader than, inconsistent with, not authorized by, or otherwise impermissible under the Federal Rules of Civil Procedure.

2. Carvana's Responses are necessarily limited by the records and information in existence, presently collected, and thus far discovered in the course of preparing these Responses. Carvana's investigation of facts and search for documents and other information relating to the Requests is continuing. Carvana has not completed discovery or trial preparation. Accordingly, these Responses are made without prejudice to Carvana's right to present additional evidence or arguments at a later date based on information hereinafter obtained or evaluated. Carvana reserves the right to make any changes in these Responses if it appears at any time that omissions or errors have been made or that more accurate information is available. Carvana further reserves the right to present additional evidence or contentions at a later date.

3. Carvana reserves the right to assert additional objections or to supplement or amend its objections and Responses to the Requests.

4. Carvana further objects to the Requests to the extent that they are overly broad, unduly burdensome, vague and ambiguous, or seek the discovery of information that is neither relevant to the claims or defenses of any party to, nor proportional to the

-2-

needs of, the litigation. Subject to and without waiver of these objections, in responding to the Requests, Carvana does not concede that any of the Requests seek information or documents that are relevant to the claims, defenses or subject matter of, or are proportional to the needs of, this litigation.

5. Carvana further objects to the Requests to the extent they call for speculation by Carvana.

6. Carvana further objects to the Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity or discovery protection, or that are otherwise protected from disclosure under the Federal Rules of Civil Procedure. Nothing included in these Responses is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity or protection. Inadvertent disclosure of any information covered by any privilege, immunity or protection shall not constitute a waiver of any privilege, immunity or protection or of any other grounds for objecting to discovery or admissibility of such material, its subject matter or the information contained therein.

7. Carvana further objects to the Requests to the extent that they purport to require Carvana to draw purely legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiver of any of the objections, Carvana states that any written response or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission.

-3-

8.     Carvana further objects to these Requests to the extent they seek disclosure of opinions, mental impressions, conclusions or legal theories of Carvana, its counsel, or other representatives.

## OBJECTIONS TO DEFINITIONS

1.     Carvana objects to each of the Definitions, to the extent that the Definition purports to broaden the obligations imposed by the Federal Rules of Civil Procedure. Subject to and without waiver of these objections, in responding to the Requests, Carvana will comply, and construe the Definitions consistently, with the Federal Rules of Civil Procedure.

## RESPONSES TO SPECIFIC REQUESTS

**Request No. 1:**

Admit that Carvana, LLC has never furnished any account history information to Experian regarding the Plaintiff.

**Response to Request No. 1:**

Denied.

**Request No. 2:**

Admit that when Plaintiff created his online account profile at Carvana.com on August 15, 2019, he entered his address as 2849 Trestle Ct SW and entered the city as Concord, the state as NC or North Carolina and zip code as 28025.

**Response to Request No. 2:**

Admitted.

**Request No. 3:**

Admit that on April 7, 2020 you did not send any document or communication to the Plaintiff regarding any change of address, change of yearly income, change of zip code, financing terms or anything relating to a vehicle hold being released.

-4-

**Response to Request No. 3:**

Admitted.

**Request No. 4:**

Admit that on April 17, 2020 you did not send any document or communication to the Plaintiff regarding any change of address, change of yearly income, change of zip code, financing terms or anything regarding a vehicle hold being released.

**Response to Request No. 4:**

Admitted.

**Request No. 5:**

Admit that you have no personal knowledge that Plaintiff visited carvana.com on April 7, 2020 or August 17, 2020 and made changes regarding his address, yearly income, zip code or a request for financing pre-qualification.

**Response to Request No. 5:**

Denied.

**Request No. 6:**

Admit that Plaintiff has never maintained an open-ended account with Carvana.

**Response to Request No. 6:**

Carvana objects to Request No. 6 on the grounds that the term "open-ended account" is vague and ambiguous as defined by Plaintiff. The term prescribed in 15 U.S. Code § 1602(j) refers to an "open end credit plan" and "open end consumer credit plan," but does not refer to an "open-ended account." Subject to and without waiver of these objections, Carvana admits Request No. 6.

-5-

**Request No. 7:**

Admit that Plaintiff never missed a payment or was late making a payment involving the BMW 3.

**Response to Request No. 7:**

Admitted.

**Request No. 8:**

Admit that you were not inquiring into Plaintiff's credit information at Experian on April 7, 2020 or August 17, 2020 due to any payment default or to collect on a debt.

**Response to Request No. 8:**

Admitted.

**Request No. 9:**

Admit that you did not substantially comply with Experian's requirements regarding how to obtain written consent for pre-qualification over the internet on August 15, 2019.

**Response to Request No. 9:**

Denied.

**Request No. 10:**

Admit that in the past, you created a FAQ at carvana.com regarding credit inquiries that were not initiated by consumers because consumers were not aware of a credit disclosure during the purchase of a vehicle.

**Response to Request No. 10:**

Denied.

**Request No. 11:**

Admit that you took no steps to make your credit disclosure used during the purchase of a vehicle clearly visible and conspicuous before, during or after you hid

the FAQ at carvana.com regarding credit inquiries that were not initiated by consumers.

**Response to Request No. 11:**

Denied.

**Request No. 12:**

Admit that your carvana account profile page did not provide a method to input yearly income between August 2019 and August 2021.

**Response to Request No. 12:**

Denied.

**Request No. 13:**

Admit that a change to an address, zip code or yearly income does not provide you with a permissible purpose to inquire into the Plaintiff's credit information held by Experian.

**Response to Request No. 13:**

Denied.

**Request No. 14:**

Admit that a change to an address, zip code or yearly income did not provide you with basis to unilaterally make changes to any terms or information contained in any alleged written contract or agreement between you and the Plaintiff.

**Response to Request No. 14:**

Admitted.

**Request No. 15:**

Admit that carvana.com account profile information is stored in one or more databases.

**Response to Request No. 15:**

Admitted.

**Request No. 16:**

Admit that information contained in one or more databases mentioned in request for admission no. 15 can be modified by any employee or agent of carvana with the appropriate privileges.

**Response to Request No. 16:**

Carvana admits that there are Carvana employees with sufficient authority to modify

carvana.com account profile information.

**Request No. 17:**

Admit that you have no information captured by google analytics to show that the Plaintiff visited specific pages at carvana.com on April 7, 2020 or August 17, 2020 to (i) request a pre-qualification for a loan, (ii) start the purchase of a vehicle or (iii) visited his account profile page.

**Response to Request No. 17:**

In response to Request No. 17, Carvana states that based on its ongoing and

reasonable search, Carvana is without knowledge to admit or deny this Request. Carvana

will supplement its response to this Request once its ongoing search is complete.

**Request No. 18:**

Admit that one or more consumers filed complaints with the CFDB against you due to credit inquiries they had not authorized similar to the complaint at https://www.consumerfinance.gov/data-research/consumer-complaints/search/detail/3985474.

**Response to Request No. 18:**

Carvana objects to Request No. 18 on the grounds that it is overly broad and not

limited in time or scope. Carvana further objects on the grounds that the terms "CFDB"

-8-

and "similar" are vague and ambiguous. To the extent that Plaintiff refers to the Consumer

Financial Protection Bureau, Carvana also objects on the grounds that Request No. 18 is

not relevant to a claim or defense in this case and, therefore, Request No. 18 is beyond the

permissible scope of Fed. R. Civ. P. 26(b)(1).

**Request No. 19:**

> Admit that Experian was aware of the webpage at carvana.com where you
> maintained a periodic credit disclosure and the button "GET MY FINANCING
> TERMS"

**Response to Request No. 19:**

Carvana objects to Request No. 19 on the grounds that it calls for speculation by

Carvana. Subject to and without waiver of this objection, Carvana states that it is without

knowledge to admit or deny Request No. 19 because Carvana cannot truthfully speak to

what Experian was aware of.

**Request No. 20:**

> Admit that Experian was NOT aware of the webpage at carvana.com where you
> maintained a periodic credit disclosure and the button "GET MY FINANCING
> TERMS".

**Response to Request No. 20:**

Carvana objects to Request No. 20 on the grounds that it calls for speculation by

Carvana. Subject to and without waiver of this objection, Carvana states that it is without

knowledge to admit or deny Request No. 20 because Carvana cannot truthfully speak to

what Experian was aware of.

Case 1:21-cv-00714-CCE-LPA   Document 39-3   Filed 05/02/22   Page 10 of 13

**Request No. 21:**

Admit that you were are aware of Experian's requirements regarding how you could obtain a consumer's written consent for pre-qualification over the internet prior to designing and implementing the webpage at carvana.com that includes the "GET MY FINANCING TERMS" button.

**Response to Request No. 21:**

Carvana objects to Request No. 21 on the grounds that the term "pre-qualification" is vague and ambiguous as the term is not defined. Subject to and without waiver of these objections, Carvana admits Request No. 21.

**Request No. 22:**

Admit that, if a consumer such as the Plaintiff started the purchase of a vehicle at carvana.com but did not complete the purchase, you would send an email to that consumer informing the consumer that the hold has expired with a subject line that began with "Your Hold Has Expired".

**Response to Request No. 22:**

Carvana objects to Request No. 22 on the grounds that it mischaracterizes Carvana's vehicle purchase process. Subject to and without waiver of this objection, Carvana admits that on April 7, 2020 and August 17, 2020, if a customer started the process of purchasing a vehicle on Carvana's website and the hold put on the vehicle by Carvana expired before the purchase was completed, Carvana's practice was to send that customer an email with a subject line that begins with "Your Hold Has Expired".

**Request No. 23:**

Admit that there is no clearly conspicuous disclosure at carvana.com that would inform any user of carvana's website that a change to their address or zip code within their account profile would result in a credit inquiry for the permissible purpose of "pre-qualification", "account review" or any other purpose.

-10-

**Response to Request No. 23:**

Carvana objects to Request No. 23 on the grounds that the terms "conspicuous," "pre-qualification," and "account review" are vague and ambiguous. Subject to and without waiver of these objections, Carvana denies Request No. 23.


Dated: February 2, 2022.

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/Ashia Crooms-Carpenter*
Ashia Crooms-Carpenter
NC Bar No 54342
ashia.carpenter@nelsonmullins.com
301 South College Street / 23rd Floor
Charlotte, NC 28202
Phone: (704) 417-3000
Fax: (704) 377-4814

Paul T. Collins *(special appearance)*
E-mail: paul.collins@nelsonmullins.com
1320 Main Street, 17th Floor
Columbia, SC 29201
Phone: (803) 799-2000

Kadeisha West *(special appearance)*
E-mail:
kadeisha.west@nelsonmullins.com
201 17th Street, 17th Floor
Atlanta, Georgia 30363
Phone: (404) 322-6000
Fax: (404) 322-6050

*Attorneys for Carvana, LLC*

-11-

## CERTIFICATE OF SERVICE

I, Ashia Crooms-Carpenter, hereby certify that, on February 2, 2022, the foregoing was served by email as follows:

Arthur Hill
2849 Trestle Court SW
Concord, NC 28025
Email: artbhill@hotmail.com
*Pro Se Plaintiff*

Caren D. Enloe
Smith Debnam Narron Drake Saintsing & Myers, LLP
4601 Six Forks Road, Suite 400
Raleigh, NC 27607
Phone: 919-250-2000
Email: cenloe@smithdebnamlaw.com
*Attorney for Experian Information Solutions, Inc.*

*/s/Ashia Crooms-Carpenter*
*Attorney for Carvana, LLC*

-12-