# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:21-cv-00714-CCE-LPA

ARTHUR HILL,

    Plaintiff,

v.

CARVANA, LLC and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.

## CARVANA, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

**TO: ARTHUR HILL, *PRO SE* PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Carvana, LLC ("Carvana"), through undersigned counsel, hereby responds to Plaintiff Arthur Hill's First Set of Requests for Production.

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction, and specific Request included in the Requests. Unless otherwise stated, they shall have the same force and effect as if set forth in response to each Definition, Instruction, and specific Request. Any undertaking to search for or provide information in response to any Request remains subject to these General Objections and to the other objections set forth herein. That an objection is not listed herein does not

constitute a waiver of that objection or otherwise preclude Carvana from raising that objection at a later time.

1. Carvana objects to the Requests to the extent that they are overly broad, unduly burdensome, vague and ambiguous, or seek the discovery of information that is neither relevant to the claims or defenses of any party to, nor proportional to the needs of, the litigation, as well as to the extent they impose a significant burden, expense, and/or inconvenience on Carvana that outweighs their likely benefit. Subject to and without waiver of these objections, in responding to the Requests, Carvana does not concede that any of the Requests seeks information or documents that are relevant to the claims, defenses or subject matter of, or are proportional to the needs of, this litigation.

2. Carvana further objects to the Requests to the extent that they purport to impose burdens or obligations on Carvana that are broader than, inconsistent with, not authorized by, or otherwise impermissible under the Federal Rules of Civil Procedure.

3. Carvana reserves the right to (i) revise, amend, correct, supplement, clarify or modify the content of these Responses in accordance with the Federal Rules of Civil Procedure; (ii) provide additional responsive information or documents in the future; (iii) object to further discovery in this litigation, including discovery relating to the subject matter of documents produced; (iv) use or rely upon any information or documents produced in this litigation in any hearing, proceeding or trial; (v) use or rely upon subsequently discovered information or information omitted from these Responses as a result of mistake, error, oversight or inadvertence in any hearing, proceeding or trial; and

2

(vi) challenge the authenticity or admissibility of any information or documents in any hearing, proceeding or trial.

4.  Carvana further objects to the Requests to the extent that they purport to require Carvana to (i) produce documents that are not in Carvana's possession, custody or control; (ii) create, generate, compile or develop documents that do not currently exist and/or are not currently in Carvana's possession, custody or control; (iii) produce documents that are available from a more comprehensive, more convenient, more efficient, less burdensome or less expensive source than Carvana or through a more convenient, more efficient, less burdensome or less expensive means than the Requests; (iv) produce documents that are public, equally available to or already in the possession, custody or control of Plaintiff or of third persons or entities, including Plaintiff's agents, attorneys or other representatives; (v) produce documents that are in the possession, custody or control of a third party or documents that are otherwise not in the possession, custody or control of Carvana; or (vi) produce information regarding documents that have been lost, discarded or destroyed.

5.  Carvana further objects to the Requests to the extent that they purport to require Carvana to conduct anything beyond a reasonable and diligent search for reasonably accessible files, from centralized, readily accessible sources, where responsive documents reasonably would be expected to be found.

6.  Carvana further objects to the Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privilege, or any other applicable

3

privilege, immunity or discovery protection, or that are otherwise protected from disclosure under the Federal Rules of Civil Procedure. Nothing included in these Responses is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity or protection. Inadvertent production of any material covered by any privilege, immunity or protection shall not constitute a waiver of any privilege, immunity or protection or of any other grounds for objecting to discovery or admissibility of such material, its subject matter or the information contained therein.

7. Carvana further objects to the Requests to the extent that they purport to require Carvana to draw purely legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiver of any of the objections, Carvana states that any written response, production of documents or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission.

8. Carvana further objects to the Requests to the extent that they mischaracterize facts or events or assume the existence of facts that do not exist or the occurrence of events that did not take place. Carvana's Responses and production of documents in response to the Requests is not intended, and shall not be construed, as an admission that any allegations, assertions or factual predicates stated in the Requests are accurate, and shall not constitute or be construed as providing a legal conclusion or admission concerning any of the Requests.

9. Carvana further objects to the Requests to the extent that they are argumentative, lack foundation or incorporate disputed or erroneous allegations and

4

assertions. In responding to the Requests, Carvana does not admit the correctness of any such assertions.

## OBJECTIONS TO DEFINITIONS

1. Carvana objects to each of the Definitions, and to any Definition, Instruction, or Request that incorporates that Definition, to the extent that the Definition purports to broaden the obligations imposed by the Federal Rules of Civil Procedure. Subject to and without waiver of these objections, in responding to the Requests, Carvana will comply, and construe the Definitions consistently, with the Federal Rules of Civil Procedure.

2. Carvana further objects to each of the Definitions, and to any Definition, Instruction, or Request that incorporates the Definitions, to the extent that they purport to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or pursuant to the Federal Rules of Civil Procedure.

## OBJECTIONS TO INSTRUCTIONS

1. Carvana objects to each Instruction, and to any Definition, Instruction or Request that incorporates that Instruction, to the extent that the Instruction purports to broaden the discovery obligations imposed by the Federal Rules of Civil Procedure. Subject to and without waiver of these objections, in responding to the Requests, Carvana will comply, and construe the Instructions consistently, with the Federal Rules of Civil Procedure.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

### Request No. 1:

Produce all documents you referred to in answering each of the Plaintiff's First Set of Interrogatories and Requests for Admissions.

5

**Response to Request No. 1:**

Carvana objects to Request No. 1 because it calls for Carvana to produce documents that are publicly available. Carvana further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege. Subject to and without waiver of these objections, Carvana responds by stating there are no documents responsive to Request No. 1.

**Request No. 2:**

> Produce a copy of any pre-qualification services agreement you have or had with Experian since you began using their pre-qualification services.

**Response to Request No. 2:**

Carvana objects to Request No. 2 as vague and ambiguous as it relies on the terms "pre-qualification services agreement" and "pre-qualification services." Carvana further objects to this Request because it is overly broad and not limited to the time period that is relevant for purposes of this litigation. Carvana further objects to this Request because it seeks the discovery of documents and information that is proprietary and/or confidential. Subject to and without waiver of these objections, Carvana states that it will produce the Experian Consumer Services Schedule for Pre-Qualification subject to a consent confidentiality order entered by the Court.

**Request No. 3:**

> Produce a copy of any document or communication you exchanged with Experian prior to implementing your "**Get My Finance Terms**" feature which clearly demonstrates that Experian was made aware of your web page design that was intended for use in obtaining a consumer's written instructions for pre-qualification.

6

**Response to Request No. 3:**

Carvana objects to Request No. 3 as it relies on the term "pre-qualification" that Plaintiff does not define in accordance with the meaning typically ascribed in ordinary usage. Carvana further objects to this Request because it is vague and ambiguous as it relies on the term "written instructions" and does not apprise Carvana as to what is being sought since Carvana does not know what Experian was aware of. Carvana further objects to this Request for "any document or communication you exchanged with Experian" because it seeks the discovery of documents and information that is confidential.

**Request No. 4:**

> Produce a copy of a screen recorded video demonstrating in detail how a user with could visit carvana.com, access their account profile and (i) change their address OR (ii) edit their income OR (iii) change their zip code to a value with more than 5 digits.

**Response to Request No. 4:**

In Response to Request No. 4, Carvana states that the requested video does not exist, and therefore is not within Carvana's possession, custody or control.

**Request No. 5:**

> Produce a copy of any CFDB [sic] complaint along with your response that was filed against you by any consumer who alleged that you inquired into their credit without their authorization or without a permissible purpose from the year 2017 to present.

**Response to Request No. 5:**

Carvana objects to Request No. 5 because it is overly broad and not proportional to the needs of the case as compliance would be unreasonably time consuming and burdensome as it would require the compilation and review of a vast array of material

7

having no possible relevance to the action. Carvana further objects to this Request because it not limited to the time period that is relevant for purposes of this litigation.

### Request No. 6:

> Produce a copy of any document or communication which you believe would support your belief that you have a permissible purpose for inquiring into the credit of a consumer if that consumer allegedly visits their account profile at carvana.com and (i) changes their address, (ii) changes their income or (iii) changes their zip code.

### Response to Request No. 6:

Carvana objects to Request No. 6 because it is predicated on a legal conclusion. Carvana further objects to this Request because it seeks information or documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject and without waiver of this objection, Carvana states that the Fair Credit Reporting Act provides a list of permissible purposes for obtaining a credit report at 15 USC §1681(b) and refers Plaintiff to this statute in Response to this Request.

### Request No. 7:

> Produce a copy of any document or communication which you believe would support your belief that you may inquire into the credit of a consumer for the purpose of Account Review if that consumer has not defaulted on any debt with you.

### Response to Request No. 7:

Carvana objects to Request No. 7 because it is predicated on a legal conclusion. Carvana further objects to this Request to the extent it seeks information or documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiver of these objections, Carvana states that the Fair Credit

Case 1:21-cv-00714-CCE-LPA Document 39-5 Filed 05/02/22 Page 9 of 12

Reporting Act provides a list of permissible purposes for obtaining a credit report at 15 USC §1681(b) and refers Plaintiff to this statute in Response to this Request.

**Request No. 8:**

Produce a copy of any document which you believe may support your belief (if applicable) that you have any right to unilaterally change any terms of any agreement or contract between you and a consumer based solely or in part on an Account Review credit inquiry.

**Response to Request No. 8:**

In response to Request No. 8, Carvana refers Plaintiff to Carvana's Response to Plaintiff's Request to Admit No. 14.

**Request No. 9:**

Produce, in .MP4 or .AVI format, a copy of any phone calls you received from the Plaintiff during the month of July or August of 2021.

**Response to Request No. 9:**

Carvana objects to this Request for "any phone calls you received from the Plaintiff during the month of July or August of 2021" because it is overly broad as it is not limited to the facts and circumstances of this case. Subject to and without waiver of this objection, Carvana has produced the phone call between Plaintiff and Carvana on July 28, 2021, CRVNA00001.

**Request No. 10:**

Produce a copy of all SMS communications between you and the Plaintiff during the month of July or August 2021.

**Response to Request No. 10:**

Carvana objects to this Request for "all SMS communications between you and the Plaintiff during the month of July or August 2021" because it is overly broad as it is

9

not limited to the facts and circumstances of this case. Carvana further objects to this Request because it is vague and ambiguous as to the term "SMS communications." Subject to and without waiver of this objection, Carvana states that it has conducted a reasonable and diligent search and has found no communications responsive to Request No. 10.

March 10, 2022.

           NELSON MULLINS RILEY &
           SCARBOROUGH LLP

           */s/Ashia Crooms-Carpenter*
           Ashia Crooms-Carpenter
           NC Bar No 54342
           ashia.carpenter@nelsonmullins.com
           301 South College Street / 23rd Floor
           Charlotte, NC 28202
           Phone: (704) 417-3000
           Fax: (704) 377-4814

           Paul T. Collins *(special appearance)*
           E-mail: paul.collins@nelsonmullins.com
           Nelson Mullins Riley & Scarborough LLP
           1320 Main Street, 17th Floor
           Columbia, SC 29201
           Phone: (803) 799-2000

           Kadeisha West *(special appearance)*
           E-mail: kadeisha.west@nelsonmullins.com
           Nelson Mullins Riley & Scarborough LLP
           201 17th Street, 17th Floor
           Atlanta, Georgia 30363
           Phone: (404) 322-6000
           Fax: (404) 322-6050

           ***Attorneys for Carvana, LLC***

## CERTIFICATE OF SERVICE

I, Ashia Crooms-Carpenter, hereby certify that, on March 10, 2022, the foregoing was served by email as follows.

Arthur Hill
2849 Trestle Court SW
Concord, NC 28025
Email: artbhill@hotmail.com
***Pro Se Plaintiff***

                                                          */s/Ashia Crooms-Carpenter*
                                                         ***Attorney for Carvana, LLC***