# EXHIBIT H


# NELSON MULLINS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Paul T. Collins
T: 803.255.9747
F: 803.255.9128
paul.collins@nelsonmullins.com

1320 Main Street, 17th Floor
Columbia, SC 29201
T: 803.799.2000
F: 803.256.7500
nelsonmullins.com

April 4, 2022

**Via Email**
Arthur Hill
*Pro se* Plaintiff
2849 Trestle CT SW
Concord, NC 28205
artbhill@hotmail.com

RE: Hill v. Carvana, LLC and Experian Information Solutions, Inc., Case No. 1:21-CV-00714
Meet and Confer

Dear Mr. Hill,

This letter is in response to your meet and confer letter sent March 28, 2022 regarding the perceived deficiencies in Carvana, LLC's ("Carvana") Responses to Plaintiff's Request for Admission Numbers 18 and 23, Interrogatory Numbers 1, 5, and 6, and Requests for Production Numbers 1, 2, 4, 5, 6, and 10. As part of the meet and confer process, we offer the below responses regarding your objections to Carvana's responses to the disputed discovery requests in hopes that it will resolve the issues you have raised. We are happy to discuss further by phone if you have any additional questions or concerns.

## SPECIFIC OBJECTIONS AND RESPONSES IN DISPUTE

### REQUEST FOR ADMISSION NO. 18:

*Admit that one or more consumers filed complaints with the CFDB against you due to credit inquiries they had not authorized similar to the complaint at https://www.consumerfinance.gov/data-research/consumer-complaints/search/detail/3985474.*

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS
MINNESOTA | NEW YORK | NORTH CAROLINA | OHIO | SOUTH CAROLINA | TEXAS | TENNESSEE | VIRGINIA | WEST VIRGINIA

Case 1:21-cv-00714-CCE-LPA   Document 39-8   Filed 05/02/22   Page 2 of 13

April 4, 2022
Page 2

CARVANA'S ORIGINAL RESPONSE:

Carvana objects to Request No. 18 on the grounds that it is overly broad and not limited in time or scope. Carvana further objects on the grounds that the terms "CFDB" and "similar" are vague and ambiguous. To the extent that Plaintiff refers to the Consumer Financial Protection Bureau, Carvana also objects on the grounds that Request No. 18 is not relevant to a claim or defense in this case and, therefore, Request No. 18 is beyond the permissible scope of Fed. R. Civ. P. 26(b)(1).

CARVANA'S RESPONSE TO MEET AND CONFER:

In your meet and confer letter, you contend that "[t]his request is clearly relevant to a claim that Carvana pulls credit without knowledge of consumers and without a permissible purpose." Your contention, however, ignores the fact that Carvana objected to this request on multiple grounds. First, as written, you have asked Carvana to admit that there are "complaints with the CFDB against you due to credit inquiries they had not authorized similar to the complaint at https://www.consumerfinance.gov/data-research/consumer-complaints/search/detail/3985474." This request is not limited to a specific time frame or geographic location and therefore it is overly broad.

Second, the request does not define "CFDB" and as a result, as written, your request does not apprise Carvana of the information sought. Your request for Carvana to admit that consumers filed complaints with the CFDB "similar" to the complaint you referred to via hyperlink is also vague and ambiguous because the term similar is undefined. Further, considering the fact that the complaint you cite to was filed by a Texas consumer concerning Carvana Group, LLC, not Defendant Carvana, LLC, it is particularly unclear what "similar" means as used in Plaintiff's Request for Admission No. 18.

Third, despite your contention that this request is relevant, Carvana maintains its objection that this request is not relevant to a claim or defense in this case. Whether or not other consumers, including consumers in other states, have filed complaints with the Consumer Financial Protection Bureau, assuming that is what "CFDB" was intended to refer to, alleging Carvana initiated credit pulls that they did not authorize is not legally relevant to prove that Carvana did or did not initiate a soft pull of your credit without a permissible purpose. In addition, permissible purpose under 15 USC § 1681b is not limited to "consumer authorization" as your request implies.

REQUEST FOR ADMISSION NO. 23:

> *Admit that there is no clearly conspicuous disclosure at carvana.com that would inform any user of Carvana's website that a change to their address or zip code within their account profile would result in a credit inquiry for the permissible purpose of "pre-qualification", "account review" or any other purpose.*

CARVANA'S ORIGINAL RESPONSE:

Carvana objects to Request No. 23 on the grounds that the terms "conspicuous," "pre-qualification," and "account review" are vague and ambiguous. Subject to and without waiver of these objections, Carvana denies Request No. 23.

CARVANA'S RESPONSE TO MEET AND CONFER:

Notwithstanding Carvana valid objections to Request for Admission No. 23, Carvana responded to this request by denying the allegations. Notwithstanding Carvana's proper response, you contend that "Carvana reviewed some information to deny the request" and as a result, you "expected a document responsive to RFP 1." It is clear from your meet and confer letter that your dispute concerns Carvana's response to Request for Production No. 1, not Carvana's response to Request for Admission No. 23. Accordingly, we have addressed your concern in Carvana's response to Request for Production No. 1.

INTERROGATORY NO. 1:

> *Please explain in detail your compliance policies for adhering to the requirements of the FCRA as it pertains to pre-qualification over the internet.*

CARVANA'S ORIGINAL RESPONSE:

Carvana objects to Interrogatory No. 1 as it relies on the term "pre-qualification" that Plaintiff does not define in accordance with the meaning typically ascribed in ordinary usage. Carvana further objects to this Interrogatory because it is vague and ambiguous as to the term "compliance policies." Carvana further objects to this Interrogatory because it seeks the discovery of information that is proprietary and/or confidential and not proportional to the needs of the case. Carvana further objects to this Interrogatory because it is overly broad and not limited to the time period that is relevant for purposes of this litigation.

April 4, 2022
Page 4

CARVANA'S RESPONSE TO MEET AND CONFER:

Carvana's objections to Interrogatory No. 1 are proper despite Plaintiff's contention otherwise. Plaintiff's request for Carvana to explain its "compliance policies for adhering to the requirements of the FCRA as it pertains to pre-qualification over the internet" is not straightforward as Plaintiff contends it is where the term "compliance policies" is not defined and the term "pre-qualification" is defined by Plaintiff but not in accordance with the meaning typically ascribed in ordinary usage. "Pre-qualification" as used in Interrogatory No. 1 is defined by Plaintiff to mean "performing a soft credit pull of a credit report for the purpose of providing finance terms to a consumer who has requested pre-qualification prior to consummation of a credit transaction." Plaintiff's definition of "pre-qualification" uses the term pre-qualification as part of the definition, and as a result, it is unclear what exactly the term means in the context of Interrogatory No. 1.

Further, any request that seeks information regarding Carvana's policies is also objectionable on the grounds that such information is proprietary and/or confidential and is significantly disproportional to the needs of this case. This is especially true here considering Plaintiff has alleged no damages and has admitted that "soft inquiries are generally the type of credit inquiry that do not affect a credit score." (See generally ECF No. 18, FAC; Plaintiff's Response to Carvana's Request for Admission No. 25). See Nowlin v. Avis Budget Grp., No. 1:11CV511, 2011 WL 7087108, at *2 (M.D.N.C. Dec. 22, 2011), report and recommendation adopted, No. 1:11CV511, 2012 WL 204162 (M.D.N.C. Jan. 24, 2012) (dismissing FCRA claims in which the plaintiff alleged that he suffered a decrease in credit score as a result of an authorized request for credit report for failure to sufficiently allege damages). It is also worth noting that Plaintiff publicly filed risked based pricing notices with Plaintiff's unredacted credit score information as exhibits to Plaintiff's Declaration in Support of Plaintiff's Motion for Summary Judgment filed in a separate case filed by Plaintiff against Carvana that is also pending before the Honorable Judge Catherine C. Eagles. See Hill v. Carvana, LLC et al., Case No. 1:22-cv-00037 (M.D.N.C.) (ECF No. 19). In addition, Plaintiff filed a part of his partially redacted credit report as Exhibit A to the FAC in this case. This request is also not limited in time and, as a result, is overly broad.

INTERROGATORY NO. 5:

> Based on your agreements with Experian to comply with the FCRA, describe in detail your responsibilities as it pertains to obtaining written consent or written instructions ("**informed consent**") for the purpose of pre-qualification via the internet at <u>carvana.com</u> and specifically as it pertains to you **Get My Finance Terms** process.

#### CARVANA'S ORIGINAL RESPONSE:

Carvana objects to Interrogatory No. 5 as it relies on the terms "informed consent" and "pre-qualification" that Plaintiff does not define in accordance with the meanings typically ascribed in ordinary usage. Carvana further objects to this Interrogatory as vague and ambiguous as it relies on the term "written instructions." Subject to and without waiver of these objections, Carvana refers Plaintiff to 15 USC §1681 for the requirements of obtaining a credit report.

#### CARVANA'S RESPONSE TO MEET AND CONFER:

Carvana's objections to Interrogatory No. 5 are proper despite Plaintiff's contention otherwise. While Plaintiff believes "Carvana knows exactly what I'm asking for," Carvana does not. Moreover, Carvana is not required to guess what Plaintiff **expected** to receive by his discovery requests, Carvana is only obligated to respond to Plaintiff's discovery requests as written. The terms "informed consent" and "pre-qualification" are defined by Plaintiff but not in accordance with the meaning typically ascribed in ordinary usage. Further, the term "written instructions" is a permissible purpose under 15 USC §1681b; though, it is neither defined by Plaintiff or the statute. Notwithstanding Carvana's proper objections, Carvana refers Plaintiff to 15 USC §1681b as it describes the permissible purposes Carvana may obtain and use consumer report information.

#### INTERROGATORY NO. 6:

*Please provide the **date, time with time zone, permissible purpose** for each instance in which you requested information from Experian related to the Plaintiff on April 7 & August 17 of 2020.*

#### CARVANA'S ORIGINAL RESPONSE:

In response to Interrogatory No. 6, Carvana states the following. On April 7, 2020 at 4:47 p.m. (UTC) and in response to Plaintiff's, or someone using Plaintiff's login credentials for Plaintiff's Carvana account, selection of one of the buttons on Carvana's website to get finance terms, Carvana initiated a soft credit pull in order to provide the requested finance terms. As part of the process initiated by Plaintiff, there were multiple internal identity checks. Carvana submitted only one soft pull form to Experian on April 7, 2020, which resulted in one soft credit check. Carvana's internal identity checks do call Experian but they do not return credit, only identity information. On August 17, 2020 at 12:08 p.m. (UTC) and in response to Plaintiff's, or someone using Plaintiff's login credentials for Plaintiff's Carvana account, selection of one of the buttons on Carvana's website to get finance terms, Carvana initiated a soft credit pull in order to provide the requested finance terms

for Plaintiff. As part of the process initiated by Plaintiff, there were multiple internal identity checks. Carvana submitted only one soft pull form to Experian on August 17, 2020, which resulted in one soft credit check. Carvana's internal identity checks do call Experian, but they do not return credit, only identity information.

## CARVANA'S RESPONSE TO MEET AND CONFER:

Carvana's response to Interrogatory No. 6 is neither vague nor an avoidance as Plaintiff contends. In Carvana's Answer, Carvana affirmatively alleged that "the soft inquiries of Plaintiff's credit on April 7, 2020 and August 17, 2020 were triggered by multiple changes Plaintiff made to his Carvana account on both April 7, 2020 (changed yearly income, zip code, and address) and August 17, 2020 (changed yearly income and address) for account review and because Plaintiff also consented to the soft inquiries by choosing the 'Get My Financing Terms' option on April 7, 2020 and August 17, 2020, which also led to Carvana doing a soft inquiry of Plaintiff's credit on April 7, 2020 and August 17, 2020, by consent of the Plaintiff." (See, e.g., ECF No. 22, Carvana's Answer to FAC ¶ 21). Carvana, however, also stated in its Answer, "Carvana [at the time of filing its Answer] ha[d] not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations." (Id. ¶ 134).

After further investigation of Plaintiff's claims, Carvana learned that Plaintiff did not directly make changes to his Carvana account on April 7, 2020 and August 17, 2020. Carvana's First Set of Requests for Admission to Plaintiff was part of Carvana's due diligence investigation into Plaintiff's claims. As explained in response to Interrogatory No. 13, on April 7, 2020, Plaintiff (or someone using Plaintiff's login credentials for Plaintiff's Carvana account) selected one of the buttons on Carvana's website to get finance terms, which prompted Plaintiff to enter and/or confirm certain personal information to verify Plaintiff's identity, including Plaintiff's annual income and home address, including zip code. The home address entered by Plaintiff was validated and corrected according to the official United States Postal Service address database which resulted in internal changes to the address entered by Plaintiff. Again, on August 17, 2020, Plaintiff (or someone using Plaintiff's login credentials for Plaintiff's Carvana account) selected one of the buttons on Carvana's website to get finance terms, which prompted Plaintiff to enter and/or confirm certain personal information to verify Plaintiff's identity, including Plaintiff's home address. The home address entered by Plaintiff was validated and corrected according to the official United States Postal Service address database which resulted in internal changes to the address entered by Plaintiff.

As part of Carvana's investigation, Carvana also confirmed that Plaintiff did select one of the buttons on Carvana's website to get finance terms on April 7, 2020 and

August 17, 2020, which is consistent with Carvana's affirmative allegations in its Answer. Carvana's response to Interrogatory No. 6 is complete. Carvana provided the information requested by Plaintiff. Carvana's reasons for requesting a soft pull is the "detail about a permissible purpose that was used" that Plaintiff contends is missing. Carvana objects to Plaintiff's request to provide any additional information regarding the permissible purpose on the grounds that it calls for a legal conclusion. However, with your consent, Carvana will seek the Court's permission to file an amended Answer to remove affirmative allegations that Plaintiff directly made changes to his Carvana account on April 7, 2020 and August 17, 2020.

## REQUEST FOR PRODUCTION NO. 1:

*Produce all documents you referred to in answering each of the Plaintiff's First Set of Interrogatories and Requests for Admissions.*

### CARVANA'S ORIGINAL RESPONSE:

Carvana objects to Request No. 1 because it calls for Carvana to produce documents that are publicly available. Carvana further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege. Subject to and without waiver of these objections, Carvana responds by stating there are no documents responsive to Request No. 1.

### CARVANA'S RESPONSE TO MEET AND CONFER:

Carvana maintains that it did not "refer" to any documents in response to Plaintiff's First Set of Interrogatories and Requests for Admissions. To the extent Plaintiff seeks all documents reviewed or relied upon in response to Plaintiff's First Set of Interrogatories and Requests for Admissions, Carvana objects to this request as overly broad and unduly burdensome. The Middle District of North Carolina has held that a request seeking "all documents identified in or relied upon in response to Defendant's interrogatories" is "analogous to seeking all documents relating to the allegations in a complaint"; and "such a broad-brush request" is "not permitted." *Donnelly v. Arringdon Dev., Inc*, No. 1:04CV889, 2005 WL 8167556, at *2 (M.D.N.C. Nov. 8, 2005).

Further, Plaintiff's expectation to receive documents specific to Request for Admission Numbers 5, 9, 11, 12, and 23, which is provided in the chart below along with Carvana's responses, is based on Plaintiff's potential misunderstanding of the discovery process. Carvana denied each of the aforementioned requests for admission, yet Plaintiff contends that Carvana was obligated somehow to produce documents to demonstrate why these requests were denied. Plaintiff, not

April 4, 2022
Page 8

Carvana, has the burden to prove the claims he asserted in the operative complaint. Carvana did not "refer" to any documents in response to the aforementioned requests for admission and Carvana is not legally obligated to produce any documents responsive to Request for Production No. 1 because such a sweeping request is not permitted. *See Donnelly*, 2005 WL 8167556 at *2.

| Plaintiff's Request | Carvana's Response |
|---|---|
| RFA 5: Admit that you have no personal knowledge that Plaintiff visited carvana.com on April 7, 2020 or August 17, 2020 and made changes regarding his address, yearly income, zip code or a request for financing pre-qualification. | Response to RFA 5: Denied. |
| RFA 9: Admit that you did not substantially comply with Experian's requirements regarding how to obtain written consent for pre-qualification over the internet on August 15, 2019. | Response to RFA 9: Denied. |
| RFA 11: Admit that you took no steps to make your credit disclosure used during the purchase of a vehicle clearly visible and conspicuous before, during or after you hid the FAQ at carvana.com regarding credit inquiries that were not initiated by consumers. | Response to RFA 11: Denied. |
| RFA 12: Admit that your Carvana account profile page did not provide a method to input yearly income between August 2019 and August 2021. | Response to RFA 12: Denied. |
| RFA 23: Admit that there is no clearly conspicuous disclosure at carvana.com that would inform any user of Carvana's website that a change to their address or zip code within their account profile would result in a credit inquiry for the permissible purpose of "pre-qualification", "account review" or any other purpose. | Response to RFA 23: Carvana objects to Request No. 23 on the grounds that the terms "conspicuous," "pre-qualification," and "account review" are vague and ambiguous. Subject to and without waiver of these objections, Carvana denies Request No. 23. |

April 4, 2022
Page 9

Also, as discussed in detail under Carvana's meet and confer response for Interrogatory No. 6, Carvana did not avoid responding to this request. On the contrary, Carvana provided detailed information regarding what triggered the soft credit pulls. Carvana did not and was not obligated to produce any documents relating to Interrogatory No. 6 because Request for Production No. 1, as written, is impermissibly broad and Carvana did not "refer" to any documents in response to this request. *See Donnelly*, 2005 WL 8167556 at *2.

REQUEST FOR PRODUCTION NO. 2:

*Produce a copy of any pre-qualification services agreement you have or had with Experian since you began using their pre-qualification services.*

CARVANA'S ORIGINAL RESPONSE:

Carvana objects to Request No. 2 as vague and ambiguous as it relies on the terms "pre-qualification services agreement" and "pre-qualification services." Carvana further objects to this Request because it is overly broad and not limited to the time period that is relevant for purposes of this litigation. Carvana further objects to this Request because it seeks the discovery of documents and information that is proprietary and/or confidential. Subject to and without waiver of these objections, Carvana states that it will produce the Experian Consumer Services Schedule for Pre-Qualification subject to a consent confidentiality order entered by the Court.

CARVANA'S RESPONSE TO MEET AND CONFER:

Although Request for Production No. 2, as written, asks for "a copy of any pre-qualification services agreement you have or had with Experian since you began using their pre-qualification services," Plaintiff now contends that this request is limited to "the pre-qualification portion dealing with how Carvana should design a webpage to obtain a consumer's consent or written instructions only." In response to this revised request, Carvana objects because it not limited to the time period that is relevant for purposes of this litigation. Additionally, since Plaintiff is no longer asserting any claims against Experian, Request for Production No. 2 is not legally relevant to any claim or defense in this case. Subject to and without waiver of these objections, Carvana agrees to produce a portion of the Experian Consumer Services Schedule for Pre-Qualification concerning compliance with web site requirements for obtaining written instructions online as soon as a consent confidentiality order is entered. The need for a confidentiality order to protect confidential and sealed documents was contemplated by the Joint Rule 26(f) Report signed by Plaintiff and entered by the Court. (*See* ECF No. 28, Joint Rule

26(f) Report). We are sending you a proposed confidentiality order for your review and approval with this response.

### REQUEST FOR PRODUCTION NO. 4:

*Produce a copy of a screen recorded video demonstrating in detail how a user with could visit carvana.com, access their account profile and (i) change their address OR (ii) edit their income OR (iii) change their zip code to a value with more than 5 digits.*

### CARVANA'S ORIGINAL RESPONSE:

In Response to Request No. 4, Carvana states that the requested video does not exist, and therefore is not within Carvana's possession, custody or control.

### CARVANA'S MEET AND CONFER RESPONSE:

Carvana maintains its objections to Request for Production No. 4. Plaintiff's request for Carvana to produce a video that does not exist is not a proper discovery request. *See Kirk v. SSC Goldsboro Operating Co. LLC*, No. 5:19-CV-00285-BO, 2020 WL 5097833, at *3 (E.D.N.C. Aug. 28, 2020) ("The court cannot order [the defendant] to provide information that does not exist. Thus, the motion to compel . . . is denied . . . [and] the court orders [the defendant] to formally supplement its response to state that the information [the plaintiff] seeks does not exist."); *Kelly v. United States*, 281 F.R.D. 270, 280 (E.D.N.C. 2012) ("[T]the court cannot compel what does not exist."). Moreover, Carvana intends to amend its Answer to remove allegations Plaintiff expressly made changes to his Carvana account on April 7, 2020 and August 17, 2020.

### REQUEST FOR PRODUCTION NO. 5:

*Produce a copy of any CFDB complaint along with your response that was filed against you by any consumer who alleged that you inquired into their credit without their authorization or without a permissible purpose from the year 2017 to present.*

### CARVANA'S ORIGINAL RESPONSE:

Carvana objects to Request No. 5 because it is overly broad and not proportional to the needs of the case as compliance would be unreasonably time consuming and burdensome as it would require the compilation and review of a vast array of material having no possible relevance to the action. Carvana further objects to

this Request because it not limited to the time period that is relevant for purposes of this litigation.

CARVANA'S MEET AND CONFER RESPONSE:

Carvana maintains its objections to Request for Production No. 5. The request is overly broad as it is not reasonably limited to the time period relevant to this case and is not limited to complaints filed by North Carolina consumers. This request is also not proportional to the needs of the case considering the burden to identify responsive materials balanced against the issues and amount in controversy, particularly where Plaintiff has suffered no damages. See Nowlin, 2011 WL 7087108 at *2. Further, Plaintiff has admitted in his meet and confer letter that the complaints are publicly available and therefore, Plaintiff has the same access and opportunity to obtain this information without requiring Carvana to conduct a search.

REQUEST FOR PRODUCTION NO. 6:

> Produce a copy of any document or communication which you believe would support your belief that you have a permissible purpose for inquiring into the credit of a consumer if that consumer allegedly visits their account profile at carvana.com and (i) changes their address, (ii) changes their income or (iii) changes their zip code.

CARVANA'S ORIGINAL RESPONSE:

Carvana objects to Request No. 6 because it is predicated on a legal conclusion. Carvana further objects to this Request because it seeks information or documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject and without waiver of this objection, Carvana states that the Fair Credit Reporting Act provides a list of permissible purposes for obtaining a credit report at 15 USC §1681b and refers Plaintiff to this statute in Response to this Request.

CARVANA'S MEET AND CONFER RESPONSE:

Carvana maintains its objections and response to Request for Production No. 6. Whether Carvana had a permissible purpose to make a soft credit inquiry is a legal conclusion to which no response is required. Further, Plaintiff's request, as written, seeks the production of privileged documents that are not discoverable. Notwithstanding Carvana's proper objections, Carvana referred Plaintiff to the relevant statute which lists the permissible purposes available under the FCRA to obtain a consumer report.

REQUEST FOR PRODUCTION NO. 10:

*Produce a copy of all SMS communications between you and the Plaintiff during the month of July or August 2021.*

CARVANA'S ORIGINAL RESPONSE:

Carvana objects to this Request for "all SMS communications between you and the Plaintiff during the month of July or August 2021" because it is overly broad as it is not limited to the facts and circumstances of this case. Carvana further objects to this Request because it is vague and ambiguous as to the term "SMS communications." Subject to and without waiver of this objection, Carvana states that it has conducted a reasonable and diligent search and has found no communications responsive to Request No. 10.

CARVANA'S MEET AND CONFER RESPONSE:

Carvana maintains its objections and response to Request for Production No. 10. Carvana has already conducted a reasonable and diligent search for communications responsive to this request and found no communications. Further, based on your meet and confer letter, it appears that you are requesting communications that are in your possession and control as shown by your response to Carvana's Request for Production No. 8 and Exhibit F to the FAC. Aside from the communications already produced by you, if you have additional communications that are responsive to Carvana's Request for Production No. 8, Carvana asks that you produce them. In addition, Carvana will perform another search for SMS communications between you and Carvana in July and August 2021.

I hope that the above resolves most, if not all, of your disputes with Carvana's discovery responses. If you have any questions, or if you would like to discuss these issues in more detail, please let me know if you would like to set up a call.

With kind regards, I am

                                            Sincerely,

                                            /S/Paul T Collins
                                            Paul T. Collins, Esq.