**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
Case No: 1:21-cv-00714-CCE-LPA

Arthur Hill,

                            Plaintiff,

    v.

Carvana, LLC and
Experian Information Solutions, Inc.,

                          Defendants.

## DEFENDANT CARVANA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Defendant Carvana, LLC ("Carvana"), by and through counsel, submits this Response in Opposition to Plaintiff Arthur Hill's ("Plaintiff") Motion to Compel Discovery Responses (the "Motion") (ECF No. 38), stating the following:

## INTRODUCTION

Ostensibly, Plaintiff's Motion concerns the sufficiency of Carvana's responses to several discovery requests. In reality, Plaintiff requests Carvana to: (i) admit allegations that Carvana properly denied because they are not true, (ii) provide information that Carvana has already provided or does not exist, and (iii) provide information and documents nothwithstanding Carvana's valid objections. Moreover, prior to seeking intervention from the Court, Plaintiff failed to engage in a meet and confer conference as required by Local Rule 37.1(a) and did not confer with Carvana concerning certain discovery responses in dispute. As shown by Plaintiff's requests and Carvana's responses thereto, Plaintiff has unnecessarily involved this Court with a dispute that, at the time of

1

this Response, and to the extent possible, has already been resolved or may have been given sufficient opportunity to respond.

## **BACKGROUND**

The focus of this lawsuit is Plaintiff's allegation that Carvana improperly initiated soft inquiries of his credit report on April 7, 2020 and April 17, 2020 without a permissible purpose – an alleged action that Plaintiff acknowledges did not result in any damages. (*See generally* First Am. Compl., ECF No. 18). *See also Nowlin v. Avis Budget Grp.*, No. 1:11CV511, 2011 WL 7087108, at *2 (M.D.N.C. Dec. 22, 2011), *report and recommendation adopted*, No. 1:11CV511, 2012 WL 204162 (M.D.N.C. Jan. 24, 2012). On November 24, 2021, a scheduling order was entered which authorized the parties to engage in discovery. (ECF No. 28). Since that time, Plaintiff has propounded 23 requests for admission ("RFA"), 13 interrogatories ("ROG"), and 10 requests for production ("RFP"), all of which have been timely responded to. (*See* Pl.'s Memo. in Supp. of Mot. to Compel Disc. Resp. from Carvana ("Pl.'s Memo."), Exs. A-F, ECF Nos. 39-1-39-6).

By letter sent on March 28, 2022 ("Meet and Confer Letter"), Plaintiff alerted Carvana to perceived issues with Carvana's responses to Plaintiff's RFA 5, 9, 11, 12, 18, and 23, ROG 1, 5, and 6, and RFP 1, 2, 4, 5, 6, and 10. (*See* Pl.'s Memo., Ex. G, ECF No. 39-7). On April 4, 2022, Carvana provided a detailed response to Plaintiff's Meet and Confer Letter and requested a call to discuss the issues in more detail. (*See* Pl.'s Memo., Ex. H, ECF No. 39-8). Aside from Plaintiff consenting to the Joint Motion for Entry of Stipulated Protective Order (ECF No. 36) and the proposed Stipulated Order of Protection as to Confidential Data and Documents ("Stipulated Order of Protection") (*see* ECF No.

2

37),[12] Plaintiff failed to substantively respond to Carvana's response letter. Rather, Plaintiff filed a motion asking this Court to compel Carvana to respond to RFA 5, 9, 11, 12, 18, and 23, ROG 1, 5, 6, and 7[34], and RFP 1, 5, and 6. (*See* ECF No. 39).[5]

These Requests, and Carvana's Responses thereto, are outlined below.

| Plaintiff's Request | Carvana's Response |
|---|---|
| RFA 5: Admit that you have no personal knowledge that Plaintiff visited carvana.com on April 7, 2020 or August 17, 2020 and made changes regarding his address, yearly income, zip code or a request for financing pre-qualification. | Response to RFA 5: Denied. |
| RFA 9: Admit that you did not substantially comply with Experian's requirements regarding how to obtain written consent for pre-qualification over the internet on August 15, 2019. | Response to RFA 9: Denied. |

[1] On April 23, 2022, at 5:24 am EST, Plaintiff agreed to the form of the proposed Stipulated Order of Protection which was sent to him on April 4, 2022 with Carvana's response to Plaintiff's Meet and Confer Letter. (*See* Emails exchanged between Plaintiff and counsel for Carvana attached hereto as **Exhibit A**). Subsequently, on April 25, 2022, the next business day, Carvana filed the Joint Motion for Entry of Protective Order. (*See* ECF No. 36; Ex. A). Thereafter, on April 29, 2022, Carvana served its supplemental response to Plaintiff's RFP 2 and second production set. (*See* ECF No. 39 at 3; Ex. A).

[2] On April 23, 2022, at 6:16 am EST, Plaintiff responded to Carvana's response to Plaintiff's Meet and Confer Letter by email indicating that he would proceed with filing a motion to compel; that same day, counsel for Carvana responded requesting a meet and confer conference by telephone as required by Local Rule 37.1(a) and Plaintiff did not respond. (*See* Emails exchanged between Plaintiff and counsel for Carvana attached hereto as **Exhibit B**).

[3] Plaintiff raised issues with Carvana's response to RFP 7 for the first time in the instant Motion.

[4] Prior to the instant Motion, the only issues raised with RFA 5, 9, 11, 12, and 23 were that no documents relating to those requests were produced in response to RFP 1.

[5] Plaintiff previously raised issues concerning RFP 2, 4, and 10, but those issues have been addressed.

3

| Plaintiff's Request | Carvana's Response |
|---|---|
| <u>RFA 11</u>: Admit that you took no steps to make your credit disclosure used during the purchase of a vehicle clearly visible and conspicuous before, during or after you hid the FAQ at carvana.com regarding credit inquiries that were not initiated by consumers. | <u>Response to RFA 11</u>: Denied. |
| <u>RFA 12</u>: Admit that your Carvana account profile page did not provide a method to input yearly income between August 2019 and August 2021. | <u>Response to RFA 12</u>: Denied. |
| <u>RFA 23</u>: Admit that there is no clearly conspicuous disclosure at carvana.com that would inform any user of Carvana's website that a change to their address or zip code within their account profile would result in a credit inquiry for the permissible purpose of "pre-qualification", "account review" or any other purpose. | <u>Response to RFA 23</u>: Carvana objects to Request No. 23 on the grounds that the terms "conspicuous," "pre-qualification," and "account review" are vague and ambiguous. Subject to and without waiver of these objections, Carvana denies Request No. 23. |
| <u>ROG 1</u>: Please explain in detail your compliance policies for adhering to the requirements of the FCRA as it pertains to pre-qualification over the internet. | <u>Response to ROG 1</u>: Carvana objects to Interrogatory No. 1 as it relies on the term "pre-qualification" that Plaintiff does not define in accordance with the meaning typically ascribed in ordinary usage. Carvana further objects to this Interrogatory because it is vague and ambiguous as to the term "compliance policies." Carvana further objects to this Interrogatory because it seeks the discovery of information that is proprietary and/or confidential and not proportional to the needs of the case. Carvana further objects to this Interrogatory because it is overly broad and not limited to the time period that is relevant for purposes of this litigation. |

4

| Plaintiff's Request | Carvana's Response |
|---|---|
| ROG 5: Based on your agreements with Experian to comply with the FCRA, describe in detail your responsibilities as it pertains to obtaining written consent or written instructions ("**informed consent**") for the purpose of pre-qualification via the internet at carvana.com and specifically as it pertains to you **Get My Finance Terms** process. | Response to ROG 5: Carvana objects to Interrogatory No. 5 as it relies on the terms "informed consent" and "pre-qualification" that Plaintiff does not define in accordance with the meanings typically ascribed in ordinary usage. Carvana further objects to this Interrogatory as vague and ambiguous as it relies on the term "written instructions." Subject to and without waiver of these objections, Carvana refers Plaintiff to 15 USC §1681 for the requirements of obtaining a credit report. |
| ROG 6: Please provide the **date**, **time with time zone**, **permissible purpose** for each instance in which you requested information from Experian related to the Plaintiff on April 7 & August 17 of 2020. | Response to ROG 6: In response to Interrogatory No. 6, Carvana states the following. On April 7, 2020 at 4:47 p.m. (UTC) and in response to Plaintiff's, or someone using Plaintiff's login credentials for Plaintiff's Carvana account, selection of one of the buttons on Carvana's website to get finance terms, Carvana initiated a soft credit pull in order to provide the requested finance terms. As part of the process initiated by Plaintiff, there were multiple internal identity checks. Carvana submitted only one soft pull form to Experian on April 7, 2020, which resulted in one soft credit check. Carvana's internal identity checks do call Experian but they do not return credit, only identity information. On August 17, 2020 at 12:08 p.m. (UTC) and in response to Plaintiff's, or someone using Plaintiff's login credentials for Plaintiff's Carvana account, selection of one of the buttons on Carvana's website to get finance terms, Carvana initiated a soft credit pull in order to provide the requested finance terms for Plaintiff. As part of the process initiated by Plaintiff, there were multiple internal identity checks. Carvana submitted only |

| Plaintiff's Request | Carvana's Response |
|---|---|
| | one soft pull form to Experian on August 17, 2020, which resulted in one soft credit check. Carvana's internal identity checks do call Experian, but they do not return credit, only identity information. |
| ROG 7: Identify the name along with the creation date and time of each document in which believe to be evidence that the Plaintiff provided written instructions for you to inquire into his credit with Experian on April 7 and August 17 of 2020. | Response to ROG 7: Carvana objects to Interrogatory No. 7 because it is vague and ambiguous as to the term "written instructions." Subject to and without waiver of this objection, Carvana refers Plaintiff to its response to Interrogatory No. 6. |
| RFP 1: Produce all documents you referred to in answering each of the Plaintiff's First Set of Interrogatories and Requests for Admissions. | Response to RFP 1: Carvana objects to Request No. 1 because it calls for Carvana to produce documents that are publicly available. Carvana further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege. Subject to and without waiver of these objections, Carvana responds by stating there are no documents responsive to Request No. 1. |
| RFP 5: Produce a copy of any CFDB [sic] complaint along with your response that was filed against you by any consumer who alleged that you inquired into their credit without their authorization or without a permissible purpose from the year 2017 to present. | Response to RFP 5: Carvana objects to Request No. 5 because it is overly broad and not proportional to the needs of the case as compliance would be unreasonably time consuming and burdensome as it would require the compilation and review of a vast array of material having no possible relevance to the action. Carvana further objects to this Request because it not limited to the time period that is relevant for purposes of this litigation. |
| RFP 6: Produce a copy of any document or communication which you believe would support your belief that you have a permissible purpose for inquiring into the | Response to RFP 6: Carvana objects to Request No. 6 because it is predicated on a legal conclusion. Carvana further objects to this Request because it seeks |

| Plaintiff's Request | Carvana's Response |
|---|---|
| credit of a consumer if that consumer allegedly visits their account profile at carvana.com and (i) changes their address, (ii) changes their income or (iii) changes their zip code. | information or documents that are protected by the attorney-client privilege and/or the work product doctrine. Subject and without waiver of this objection, Carvana states that the Fair Credit Reporting Act provides a list of permissible purposes for obtaining a credit report at 15 USC §1681(b) and refers Plaintiff to this statute in Response to this Request. |

After Plaintiff sent his Meet and Confer Letter and *after* Plaintiff filed the Motion, Plaintiff served Carvana with supplemental discovery requests, including requests for production specifically crafted to obtain the information Plaintiff contends he **expected** to receive through Carvana's responses to Plaintiff's original discovery requests, including RFP 1. (*See* Excerpt of Pl.'s Suppl. Disc. Req. attached hereto as **Exhibit C**).[6]

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides the following scope of discoverable information:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense **and** proportional to the needs of the case, *considering* the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

---

[6] By serving discovery asking for this information, Plaintiff appears to have conceded that he didn't seek the information he argues was requested in his original Requests. Moreover, Plaintiff's supplemental discovery moots the instant Motion.

7

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> (a) Motion for an Order Compelling Disclosure or Discovery.
> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

## ARGUMENT

### I. This Court Should Deny Plaintiff's Motion Because Plaintiff Did Not Convene A Local Rule 37.1(a) Conference To Address The Issues Raised in the Motion.

Local Rule 37.1(a) provides:

> The Court will not consider motions and objections relating to discovery unless moving counsel files a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord. The certificate shall set forth the date of the conference, the names of the participating attorneys, and the specific results achieved. It shall be the responsibility of counsel for the movant to arrange for the conference [which must be held either in person or] . . . at any party's request, the conference may be held by telephone.

The meet and confer requirement is not merely a formalistic prerequisite, and does apply to Plaintiff as a *pro se* litigant despite Plaintiff's implication that it does not. (*See* ECF No. 39 at 1). *See* LR 11.1(a) ("Any individual who is representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, this Court's Local Rules, and all other applicable law. All obligations placed on 'counsel' by this Court's Local Rules apply to individuals appearing *pro se*. Failure to comply may be grounds for dismissal, judgment by default, or any other appropriate sanction."). *See also Nickles v. State Farm Mut. Auto. Ins. Co.*, No. 1:17CV1027, 2019 WL 11658759, at *2

(M.D.N.C. Apr. 16, 2019) (denying *pro se* litigant's motion to compel because it did not include the required "certification that [Plaintiff] has in good faith conferred or attempted to confer with [Defendant] ... in an effort to obtain [the requested documents] without court action") (citing Fed. R. Civ. P. 37(a)(1), LR 11.1(a), and LR 37.1(a)). Although courts have found that "[d]etailed correspondence outlining the deficiencies in discovery responses and the reasons the requesting party needs the requested information can satisfy a party's Rule 37(a) conferral obligations if such correspondence permits sufficient time for the opposing party to respond[,]" a letter that does not discuss all the disputed requests does not meet this standard. *See Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15CY227, 2015 WL 6110859, at *9 (M.D.N.C. Oct. 16, 2015) (finding that the defendant's letter did not satisfy the meet and confer requirement when it, among other things, demanded production of documents in response to all requests, but only discussed one request specifically).

Here, Plaintiff requests this Court compel responses to certain discovery requests that were not raised during the meet and confer process at all. (*Compare* ECF No. 39 *with* ECF Nos. 39-7). Specifically, Plaintiff has asked this Court to compel Carvana to respond to RFA 5, 9, 11, 12, 18, and 23, ROG 1, 5, 6, and 7, and RFP 1, 5, and 6. (*See* ECF No. 39). However, prior to filing Plaintiff's Motion, Plaintiff did not raise any issue with ROG 7, and the only issue raised with RFA 5, 9, 11, 12, and 23[7] were that no documents relating to those requests were produced in response to RFP 1. (*See* ECF No. 39-7 at 7-9). The fact that Plaintiff has raised discovery issues for the first time in his Motion demonstrates that

---

[7] Plaintiff argues for the first time in his Motion that RFA 5, 9, 11, 12, and 23 should have been admitted by Carvana. (ECF No. 39 at 12-18).

an adequate discovery conference was not held. *See MCI Const., LLC v. Hazen & Sawyer, P.C.*, 211 F.R.D. 290, 292 (M.D.N.C. 2002) ("A party has not normally met its duty under the Local Rules when the Court finds the party must raise matters or positions for the first time in a motion to compel or during the pendency of the motion. This is often evidence that an adequate discovery conference was not held.") (citing "Local Rule 26.1(c)" which required "that parties embroiled in a discovery dispute engage in 'personal consultation and diligent attempts to resolve differences' before bringing the matter before the Court").

Pursuant to the express language of Local Rule 37.1(a), Plaintiff was required to initiate a meet and confer conference to be held either in person or by telephone prior to filing the Motion. Not only did Plaintiff fail to engage in a meet and confer conference,[8] despite counsel for Carvana's many requests to do so (*see* ECF No. 39-8 at 2, 13; Ex. B at 1), Plaintiff has raised discovery issues for the first time in his Motion. Thus, even if the Court does not strictly enforce the meet and confer requirements of Local Rule 37.1(a), which Plaintiff has clearly not satisfied, Plaintiff has also failed to meet the less stringent meet and confer requirements of Federal Rule 37(a). For these reasons alone, Plaintiff's Motion should be summarily denied.

## II. **Plaintiff's Motion Seeks to Compel Carvana to Admit Allegations That Are Not True.**

For the first time in his Motion, Plaintiff argues that Carvana's denial of RFA 5, 9, 11, 12, and 23 (*see* chart, *supra*) were improper and should have been admitted. (ECF No.

---

[8] Plaintiff certifies only that he conferred with counsel for Carvana on March 28, 2022 and does not specify whether this was done in person or by telephone as Local Rule 37.1(a) requires. (*See* ECF No. 39 at 22).

39 at 12-18). As an initial matter, Plaintiff's argument should be disregarded because Plaintiff failed to raise this position or attempt to resolve this dispute prior to filing the Motion. *See MCI Const., LLC.*, 211 F.R.D. at 292. Nonetheless, should the Court consider Plaintiff's argument the result is the same: Plaintiff cannot compel Carvana to admit allegations that are simply not true and were therefore properly denied just because he does not like the answers provided.[9]

### III. <u>Plaintiff's Motion Seeks to Compel Documents That Do Not Exist.</u>

Carvana appropriately objected to Plaintiff's RFP 1 (*see* chart, *supra*) which sought "all documents [Carvana] referred to in answering each of the Plaintiff's First Set of Interrogatories and Requests for Admissions." (ECF No. 39-5 at 7). Notwithstanding Carvana's objections, Carvana responded that "there are no documents responsive to Request No. 1." (*Id.*). This is because Carvana did not "refer" to any documents in reponse to Plaintiff's First Set of Interrogatories and Requests for Admission. To the extent Plaintiff is seeking all documents Carvana *reviewed or relied upon* in response to Plaintiff's interrogatories and requests for admission, that request is overly broad and unduly burdensome. The Middle District of North Carolina has held that a request seeking "all documents identified in or relied upon in response to Defendant's interrogatories" is "analogous to seeking all documents relating to the allegations in a complaint"; and, "such

---

[9] Carvana's proposed changes to the affirmative allegations in its Answer (that Plaintiff refused to consent to) do not change Carvana's answer to RFA 5 or 12. (*See* ECF No. 39-8 at 7-8. *See also* ECF No. 39-4 at 12 (Carvana's Resp. to ROG 13)).

11

a sweeping request is not permitted." *Donnelly v. Arringdon Dev., Inc*, No. 1:04CV889, 2005 WL 8167556, at *2 (M.D.N.C. Nov. 8, 2005).

Throughout Plaintiff's Motion he contends that, in response to RFP 1, he should have received documents specific to RFA 5, 9, 11, 12, 18 and 23 (*see* chart, *supra*). (ECF No. 39 at 10, 15-18). Carvana denied each of the aforementioned requests (ECF No. 39-3 at 6-10, 12), yet Plaintiff argues Carvana was obligated to somehow produce documents to demonstrate why these requests were denied. Carvana did not "refer" to any documents in response to the aforementioned requests and, regardless, it is not obligated to produce any documents responsive to RFP 1 because such an overly broad request is not permitted under North Carolina law. *See Donnelly*, 2005 WL 8167556 at *2.

Plaintiff also takes issue with the fact that Carvana did not produce any documents related to ROG 1, 5, 6, and 7 in response to RFP 1 and requests the Court order Carvana to produce documents "reviewed" or "referred to" as "a supplement to RFP 1." (ECF No. 39 at 9-12). For the same reason discussed above, Carvana is also not obligated to produce any documents related to its response to the disputed interrogatories. *See Donnelly*, 2005 WL 8167556 at *2.

**IV.** **Plaintiff's Motion Improperly Seeks to Compel Information That Has Already Been Provided.**

In response to Plaintiff's ROG 6 (*see* chart, *supra*), Carvana provides a detailed and complete answer.[10] (ECF No. 39-4 at 11). Notwithstanding, Plaintiff argues that

_____

[10] As acknowledged by Carvana in its Answer, "Carvana [at the time of filing its Answer] [did] not ha[ve] an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations." (Answer to

12

Carvana failed to provide him with "three pieces of information." (*Id.*) Carvana's response to ROG 6, however, is complete as it provides provides the date, time, and purpose for the soft-credit inquiries.

## V. **Plaintiff's Motion Fails Because Plaintiff Has Not and Cannot Overcome Carvana's Valid Objections.**

The party seeking discovery has the burden to show that the discovery request falls within the confines of Rule 26 if the objection to the discovery request has been properly articulated. *See Brown v. Blue Cross & Blue Shield of Alabama*, No. 3:13-CV-121-GCM, 2014 WL 3519100, at *5 (W.D.N.C. July 15, 2014) (citing *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010)). A proper objection to a discovery request states the grounds for objecting with specificity. *See Brown*, 2014 WL 3519100 at *5 (citing Fed. R. Civ. P. 33(b)(4)); *Mainstreet Collection, Inc.*, 270 F.R.D. at 240. As discussed below, Carvana objected to ROG 1 and 5, RFA 18, and RFP 5 and 6 with the requisite level of specificity, and on that basis, Plaintiff's Motion fails.

### A. **Carvana's Objections To ROG 1 Are Valid.**

Carvana properly articulated its objections to ROG 1 (*see* chart, *supra*). First, Carvana objects to this interrogatory on the grounds that it relies on the term "pre-qualification" that Plaintiff does not define in accordance with the meaning typically ascribed in ordinary usage. (ECF No. 39-4 at 6). Plaintiff defined "pre-qualification" to

---

Pl.'s First Am. Compl., ECF No. 22 ¶ 134). In its response to Plaintiff's Meet and Confer Letter, Carvana also acknowledged that it made affirmative allegations in its Answer regarding Plaintiff directly making changes to his Carvana account on April 7, 2020 and August 17, 2020 that would be removed if Plaintiff consented to Defendant filing an amended Answer. (ECF No. 39-8 at 7-8). Plaintiff refused. (Ex. B).

mean "performing a soft credit pull of a credit report for the purpose of providing finance terms to a consumer who has requested pre-qualification prior to consummation of a credit transaction." (ECF No. 39-1 at 3). Further, Plaintiff's definition of "pre-qualification" uses the term pre-qualification as part of the definition, and as a result, it is unclear what the term means in the context of ROG 1. Simply because Carvana used the term "pre-qualification" in its Answer as Plaintiff points out does not mean that the term was used as defined by Plaintiff. (*See* ECF No. 39 at 6, 9); *See* "Pre-qualify." *Merriam-Webster.com* 2022. https://www.merriam-webster.com/dictionary/prequalify ("to qualify as a candidate: to meet the preliminary requirements for something").

Second, Carvana objected to ROG 1 on the grounds that the request is vague and ambiguous and provided the basis for that position in its response. (ECF No. 39-4 at 6) ("Carvana further objects to this Interrogatory because it is vague and ambiguous as to the term 'compliance policies.'"). Plaintiff does not define the term "compliance policies" and as a result, Carvana is called upon to speculate as to what information is sought by Plaintiff.

Third,[11] Carvana objected to ROG 1 because it is not proportional to the needs of the case considering Plaintiff has alleged ***no damages*** and has admitted that "soft inquiries are generally the type of credit inquiry that do not affect a credit score." (Pl.'s Memo., Ex. I, ECF No. 39-9, ¶ 25; *See generally* ECF No. 18). *See also Nowlin*, 2011 WL 7087108 at

---

[11] In light of the Stipulated Order of Protection (ECF No. 37) which was entered by this Court after Carvana responded to Plaintiff's discovery requests, Carvana does not object to ROG 1 on the basis that it seeks the discovery of proprietary and/or confidential information. (*See* ECF No. 39-4 at 6).

*2 (dismissing FCRA claims in which the plaintiff alleged that he suffered a decrease in credit score as a result of an authorized request for credit report for failure to sufficiently allege damages).

Fourth, Carvana objected to ROG 1 on the basis that it is overly broad as it is not limited in time. (ECF No. 39-4 at 6). Plaintiff contends that this request is not overly broad because "it is limited to policies specific to FCRA and more specifically to pre-qualification **over the internet**, which deals with their website and agreements with Experian." (ECF No. 39 at 9) (emphasis added). What Plaintiff fails to consider, however, is that Carvana is an **<u>online</u>** automobile dealer. Therefore, this request as written includes **<u>every</u>** transaction Carvana has entered into during its existence as a company. This request is therefore overly broad.[12]

### B.  <u>Carvana's Objections to ROG 5 Are Valid.</u>

In response to ROG 5 (*see* chart, *supra*), Carvana objected on the grounds that the request relied on the term "pre-qualification" which, as stated *supra*, is unclear. (*See* ECF No. 39-1 at 3; ECF No. 39 at 6, 9-10; ECF No. 39-4 at 8).

Carvana also objected to ROG 5 because, similar to the foregoing objection, "informed consent" also varies from the typical meaning of the term. (ECF No. 39-4 at 8). Plaintiff defines "informed consent" to mean:

> there is agreement to an interaction or action rendered with knowledge of relevant facts, such as the risks involved or any available alternatives. i.e., The user is aware

---

[12] Plaintiff, for the first time in his Motion, states that "Carvana could have limited the time period of the claims at issue (i.e., policies as they existed from August 2019 to August 2020.)." (ECF No. 39 at 9). Plaintiff, however, did not narrow this request in his Meet and Confer Letter. (*See* ECF No. 39-7 at 3-4).

Case 1:21-cv-00714-CCE-LPA   Document 41   Filed 05/16/22   Page 15 of 23

of what is being presented and must, prior to moving on with a transaction, indicate their agreement by some affirmative action such as, among other things, (a) electronically sign a document (i.e. ESIGN Act), (b) clicking a checkbox which signals their affirmative agreement if check or (c) pressing # on a telephone which signals their affirmative agreement.

(ECF No. 39 at 6-7; ECF No. 39-1 at 3-4). The widely accepted definition of the term "Informed Consent", however, means "[a] person's agreement to allow something to happen, made with full knowledge of the risks involved and the alternatives." CONSENT, Black's Law Dictionary (11th ed. 2019). Plaintiff's definition of "informed consent" appears to be nothing more than specific examples of the steps Plaintiff believes Carvana *should* follow under the Fair Credit Reporting Act ("FCRA").

Carvana also objected to ROG 5 on the grounds that the request is vague and ambiguous and, as with ROG 1, provided the basis for that position in its response. (ECF No. 39-4 at 8) ("Carvana further objects to this Interrogatory as vague and ambiguous as it relies on the term 'written instructions.'"). Plaintiff does not define the term "written instructions" and as a result, Carvana is called upon to speculate as to what information is sought by Plaintiff. Regardless, Carvana did not withhold any documents, and in response to Interrogatory Number 5 referred Plaintiff to 15 U.S.C. § 1681b. (*Id.*). Considering "written instructions" is a legal term used in 15 U.S.C. § 1681b and is not defined by that statute, reference to the statute is appropriate and Carvana completely responded to Plaintiff's request. (*See* ECF No. 39 at 10).

16

**C. Carvana's Objections to RFA 18 Are Valid.**

Plaintiff's RFA 18 (*see* chart, *supra*) is fraught with issues to which Carvana properly objected. (*See* ECF No. 39-3 at 9-10).

First, Plaintiff has sought to compel Carvana to admit that one or more consumers have filed complaints with "the CFDB" against Carvana due to credit inquiries not authorized *similar* to the complaint provided in a hyperlink. (ECF No. 39 at 17). That is objectionbale on its face, as "[r]equests for admissions are **not** a discovery device." *Tyler v. Lassiter*, No. 5:13-CT-3139-FL, 2015 WL 1289817, at *2 n.1 (E.D.N.C. Mar. 20, 2015) (emphasis added). "In making requests for admissions, the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Id.* at *2 (quotation marks and citation omitted). RFA 18 does not meet that standard. Not only is "the CFDB" not defined[13], Plaintiff does not make clear what is intended by "similar" complaints, especially considering the complaint referred to and hyperlinked by Plaintiff was filed in **Texas** by a consumer asserting allegations against **Carvana Group, LLC**, not Defendant Carvana, LLC.[14] Carvana is therefore unable to answer Plaintiff's request with a simple admit or deny.

---

[13] Plaintiff admits that he made a clerical error in typing "CFDB" instead of "CFPB." (ECF No. 39 at 17).

[14] Plaintiff contends that since "someone clearly reviewed that specific CFPB complaint and noticed it involved someone from a different state[,]" it should be produced along with Carvana's response to that specific CFPB complaint in response to RFP 1. (ECF No. 39 at

Second, Plaintiff's request is **not relevant**[15] to any claim or defense in this case. Whether or not other consumers, including consumers in other states, have filed complaints with the Consumer Financial Protection Bureau alleging that a Carvana entity initiated unauthorized credit pulls is not relevant to Plaintiff's claim that Carvana, LLC initiated a soft pull of his credit without a permissible purpose since 15 U.S.C. § 1681b does not limit permissible purpose to "consumer authorization" as Plaintiff's request implies.

### D. Carvana's Objections to RFP 5 Are Valid.

Carvana properly objected to RFP 5 (*see* chart, *supra*). (ECF No. 39-5 at 8-9). First, Plaintiff's request is not limited in time or scope and thus is overly broad. Plaintiff's request for documents from year 2017 to present is not reasonably limited to the time period relevant to this case. As stated *supra*, the crux of Plaintiff's claims is the soft inquiries of Plaintiff's credit on April 7, 2020 and August 17, 2020. (*See generally* ECF No. 18). RFP 5 seeks information about other consumers which is simply not relevent to this case. Whether Carvana had a permissible purpose to do a soft pull of another consumer's credit at some time in the past has abolsutely no bearing on whether Carvana had a permissible purpose to do a soft pull of Plaintiff's credit on April 7, 2020 and August 17, 2020. It also

---

17). Plaintiff is mistaken for reasons discussed *supra* in Section III of this Response concerning RFP 1.

[15] It is important to point out that Plaintiff is mistaken as to the scope of discovery. According to Plaintiff, "[i]t is black letter law that a party respond to discovery requests 'reasonably calculated to lead to the discovery of admissible evidence.'" (ECF No. 39 at 3) (quoting Fed. R. Civ. P. 26(b)(1)). Plaintiff, however, quotes an earlier version of Rule 26(b)(1) which was amended in December 2015. Instead, under most recent version of this rule, information must be nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case in order to be discoverable. *See* Fed. R. Civ. P. 26(b)(1).

18

has no bearing on whether Carvana may have had any another permissible purpose to do the soft pulls of Plaintiff's credit pursuant to 15 U.S.C. § 1681b.

Second, this request is not proportional to the needs of the case considering the burden to identify responsive materials balanced against the issues and amount in controversy, particularly where Plaintiff has suffered no damages. (*See* ECF No. 39-9, ¶ 25; ECF No. 18). *See also Nowlin*, 2011 WL 7087108 at *2.

Third, notwithstanding the above, Plaintiff has admitted that some of the requested documents are publicly available and therefore he has the same access and opportunity to obtain this information without requiring Carvana to conduct a search. (*See* ECF No. 39 at 18-19; ECF No. 39-7 at 13-14).

### E. Carvana's Objections to RFP 6 Are Valid.

Carvana objected to RFP 6 (*see* chart, *supra*) on the grounds that it is predicated on a legal conclusion and seeks information or documents protected by Attorney-Client Privilege and/or attorney work product doctrine. (ECF No. 39-5 at 9). Notwithstanding Carvana's proper objections, Carvana referred Plaintiff to the relevant statute which lists the permissible purposes available under the FCRA to obtain a consumer report. (*Id.*) Carvana is not in possession of any other documents responsive to this request. Carvana appropriately and completely responded to Plaintiff's request by referring Plaintiff to the statute providing the list of permissible purposes Carvana is required to follow.

### F. Carvana's Objections to ROG 7 Are Valid.

Should the Court address the merits of Plaintiff's arguments for ROG 7 despite the fact that Plaintiff did not confer with Carvana at all concerning this interrogatory, Carvana

19

maintains that its objections were warranted. Carvana objected to ROG 7 (*see* chart, *supra*) on the grounds that the request is vague and ambiguous and specified how this request qualifies as vague and ambiguous in its response. (ECF No. 39-4 at 9) ("Carvana objects to Interrogatory No. 7 because it is vague and ambiguous as to the term 'written instructions.'"). As with several other requests, Plaintiff does not define the term "written instructions" and, as a result, Carvana is called upon to speculate as to what information is sought by Plaintiff. Moreover, 15 U.S.C. § 1681b does not limit permissible purpose to "consumer authorization" as Plaintiff's request implies. Nothwithstanding Carvana's valid objections, it refers Plaintiff to its response to ROG 6 which provides the circumstances under which Carvana justifies the disputed soft credit pulls. (*Id.*). Carvana's response to this interogatory is complete.

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's Motion to Compel Discovery Responses.

Respectfully submitted this the 16th day of May, 2022.

> */s/Ashia Crooms-Carpenter*
> Ashia Crooms-Carpenter
> N.C. Bar No. 54342
> Nelson Mullins Riley & Scarborough LLP
> ashia.carpenter@nelsonmullins.com
> 301 South College Street / 23rd Floor
> Charlotte, NC 28202
> Phone: (704) 417-3000
> Fax: (704) 377-4814
>
> Paul T. Collins (special appearance)
> E-mail: paul.collins@nelsonmullins.com
> Nelson Mullins Riley & Scarborough LLP

20

1320 Main Street, 17th Floor
Columbia, SC 29201
Phone: (803) 799-2000
Fax: (803) 256-7500

***Attorneys for Carvana, LLC***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 7.3(d)(1) of the Rules of this Court, I certify that DEFENDANT CARVANA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES, which was prepared using Times New Roman 13-point typeface, contains 5,930 words, excluding the parts of the document that are exempted by Rule 7.3(d)(1). This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.


DATED this 16th day of May 2022.

*/s/Ashia Crooms-Carpenter*
Ashia Crooms-Carpenter
N.C. Bar No. 54342
NELSON MULLINS RILEY &
SCARBOROUGH LLP
ashia.carpenter@nelsonmullins.com
301 South College Street / 23rd Floor
Charlotte, NC 28202
Phone: (704) 417-3000
Fax: (704) 377-4814

***Attorney for Carvana, LLC***

22

## <u>CERTIFICATE OF SERVICE</u>

      I, Ashia Crooms-Carpenter, hereby certify that, on May 16, 2022 a true and correct copy of the foregoing was served upon Arthur Hill using the Court's CM/ECF system:

      Arthur Hill
      2849 Trestle Court SW
      Concord, NC 28025
      ***Pro Se Plaintiff***

                                                    */s/Ashia Crooms-Carpenter*
                                                  ***Attorney for Carvana, LLC***